611 A.2d 190

COMMONWEALTH of Pennsylvania, Appellee,

v.

Mirta REYES, Appellant.

Supreme Court of Pennsylvania.

Submitted Jan. 23, 1992.

Decided June 17, 1992.

Arnold R. Silverstein, Thomas R. Quinn, Philadelphia, for appellant.

Ronald Eisenberg, Deputy Dist. Atty., Catherine Marshall, Chief, Appeals Div., Karen Grigsby, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS, and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

Once again we are confronted with a claim of a speedy trial violation alleging a lack of due diligence by the Commonwealth which had obtained a continuance to a new trial date beyond the run date for purposes of Pa.Rule of Criminal Procedure 1100.

Mirta Reyes (Appellant) was charged on May 12, 1987, with possession with intent to deliver a controlled substance,[1] possession of drug paraphernalia,[2] and knowing and intentional possession of a controlled substance.[3] The mechanical run date under Pa.Rule of Criminal Procedure 1100 was November 9, 1987.[4] Trial was set for August 26, 1987, but was then moved forward by 100 days to December 4, 1987, upon motion

1. 35 P.S. § 780–113(a)(30).
2. 35 P.S. § 780–113(a)(32).
3. 35 P.S. § 780–113(a)(1).
4. On the date Appellant was charged, Rule 1100 required that trial on said charges commence within the next 180 days. Thus, the final, or run date, within which Appellant's trial had to commence was November 8, 1987. Excluded from the 180 day period is any period of time waived by the defendant, any period of time necessitated by the request for continuance granted to defendant or his attorney, and any reasonable time the trial judge is unavailable because of backlog on the trial calendar or other recognizable absence of the trial judge. Applying these exclusions, the first available trial date for this trial judge was 100 days from August 26, 1987 to December 4, 1987.

of defense counsel who would be away on vacation. The new run date, therefore, was February 17, 1988 (calculated by adding 100 excludable days to November 9, 1987).

On December 4, 1987, the new trial date, the Commonwealth (Appellee herein) appeared for trial and was confronted with a motion to suppress. The Commonwealth argued successfully that, although the motion to suppress had been filed on September 8, 1987, no service upon it of said motion had been made and no notice of said motion had been had. Thus, the ·Commonwealth, through no fault of its own, was not prepared to proceed to try the merits of the suppression motion.

Since the suppression motion had to be resolved before there could be a trial on the charges, the Commonwealth requested a continuance of the trial date to a date before February 17, 1988, the new run date. The court granted the request for continuance, but, because its calendar was full, it had to set the new trial date beyond the run date to its first available date, March 4, 1988.

This was followed by subsequent arguments on the Appellant's motion to dismiss.[5] Finally, on March 9, 1989, another trial judge entered an order dismissing the charges against the Appellant on the specific grounds that the Commonwealth failed to act with due diligence in regard to the December 4, 1987, trial date. The Superior Court reversed and we granted allowance of appeal. *Commonwealth v. Reyes*, 399 Pa.Superior Ct. 649, 573 A.2d 1160 (1990).

■ The sole issue in this appeal is whether the Commonwealth, on the trial date of December 4, 1987, had proper

---

5. Counsel for Appellant filed a motion for dismissal of the charges for violation of the speedy trial rule on December 12, 1987, which was to be heard on March 4, 1988. That hearing date, however, was twice continued to accommodate this Court's direction that only persons in custody be given trial and it appearing that Appellant had been released from custody. On October 3 and 20, 1988, and November 9, 1988, another trial judge heard testimony on the motion to dismiss and at that time granted the motion. In response to this, the Commonwealth filed a motion for reconsideration, which was granted, and another hearing was scheduled for March 9, 1989. Following that hearing, the court denied the motion and reinstated its November 9, 1988 order.

notice of the Appellant's motion to suppress, which had been filed on September 8, 1987. The Commonwealth asserts that improper filing of the motion by trial counsel justified its request for a continuance on due diligence grounds.

The facts indicate that on September 8, 1987, the defense followed local practice and filed the omnibus motion to suppress with the Clerk of the Court of Quarter Sessions of Philadelphia who then placed a copy in a bin marked for the Office of District Attorney. Appellant's copy of her motion was stamped both with "received" and the trial date, "December 4, 1987, Courtroom 708." The clerk's file does not contain a copy of the motion nor is a docket entry made to indicate that it has been filed. Testimony on this subject given by the assistant supervisor in the clerk's office was as follows:

Q. And is service made on any parties by [the Clerk of Quarter Sessions]?

A. If there is sufficient time, it's placed in a bin marked for the D.A., and once or twice a week there are people who pick it up, and ...[.]

Q. So does your office make service to the District Attorney?

A. We have a bin that provides that; we don't. (N.T., 10/20/88, p. 22; R. 103a).

\* \* \* \* \* \*

Q. And you can't say specifically whether or not the District Attorney's Office was served in regard to this particular matter that we're speaking about, you ...[.]

A. I'm just giving you the procedure, that's all. (N.T., 10/20/88, p. 25; R. 106a).

Following the testimony received at this hearing the second trial judge held that the Commonwealth had notice under this procedure:

"the evidence reveals that defendant's counsel filed the suppression motion on September 8, 1987, and that it was clearly stamped to be heard at time of trial.... There was no evidence that this procedure was not followed. Delay caused by the prosecution not having a copy of the motion in

their file cannot be attributed to the defendant ... as no errors on the part of the Clerk's office was proved or admitted." (Slip opinion, p. 5, citations omitted).

This trial judge, therefore, decided that, in the absence of proof by the Commonwealth that process of service had not been completed under this procedure, filing was paramount to notice under *routine local custom.*

The Superior Court reversed on the grounds that local custom cannot supersede statewide rules. For similar reasons which we analyze below, the decision of the Superior Court is affirmed.

As a preliminary matter we note that under 42 Pa.C.S. § 2756, the filing procedure utilized herein was correct:

§ 2756. Matters or documents filed in the office of the clerk of the courts

(a) General rule.—All applications for relief or other documents relating to the following matters shall be filed in or transferred to the office of the clerk of the courts:

(1) Criminal matters including all related motions and filings.

The conflict in this case, however, arises because a local custom clashes with a statewide rule dictating the requirements of service. Pa.Rule of Criminal Procedure 9023(b) mandates that:

(b) Except as otherwise provided in these rules, service may be accomplished by:

(1) personal delivery of a copy to a party or a party's attorney; or

(2) leaving a copy for or mailing a copy to a party's attorney at the attorney's office; or

(3) sending a copy to a party by certified or registered mail addressed to the party's place of residence, business, or confinement.

Pa.Rule of Criminal Procedure 6, Local Rules provides:

(a) For the purpose of this rule, the term "local rule" shall include every rule, regulation, directive, policy, custom, usage, form or order of general application, however labeled

or promulgated, which is adopted or enforced by a court of common pleas to govern criminal practice and procedure. (b)(1) Local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly.

Obviously, (b)(1) negates the local rule or custom in favor of service requirements under § 9023(b). The clear intention of the state rule is to insure service and notice upon adverse parties and avoid exactly what occurred in this case.

In *Feingold v. Septa,* 512 Pa. 567, 572, 517 A.2d 1270, 1272 (1986), we stated:

■ Additionally, this Court has previously held that local rules cannot be construed so as to be inconsistent with the prevailing state-wide rules. *See Byard F. Brogan, Inc. v. Holmes Electric Philadelphia,* 501 Pa. 234, 460 A.2d 1093 (1983).

*Feingold* and *Byard* apply equally to criminal cases.

■ There is no question that the legal principal expressed in the service requirements of Rule 9023(b) is to give notice to opposing counsel of the filing of important pleadings or motions in a case so that counsel can prepare its response. The rule provides that such service can be accomplished by personal delivery, regular mailing or mailing same by certified or registered mail. All three methods are acceptable and satisfy the requirements of notice and also require the party filing the motion to serve the document on opposing counsel to insure that notice is given by the interested party. By contrast, the local custom in this judicial district shifts the burden of effectuating service and the giving of notice from the movant and places that burden on the Clerk of Courts, who gratuitously acts as the District Attorney's mailbox. This is unacceptable practice and must cease forthwith.

It is the movant's duty to effectuate service on opposing counsel and that duty is not satisfied when it leaves a copy of a motion at places other than as permitted by our Rule. The Clerk of Quarter Sessions qualifies as none of these places, has no interest in the controversy between the parties, and has absolutely no duty to keep such documents for the District

Attorney. Accordingly, substantial compliance with the rule has not occurred under these circumstances.

The order of the Superior Court is affirmed.

ZAPPALA, J., notes his dissent.