690 A.2d 164

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Robert S. BAKER, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 18, 1996.

Decided Feb. 12, 1997.

---

216

Michael J. Rudinski, Williamsport, Robert S. Baker, Erie, for Appellant.

David P. Wingert, Bradford H. Charles, Lebanon, for Appellee.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, and NEWMAN, JJ.

### OPINION

CAPPY, Justice.

Robert Baker (hereinafter "Appellant") appeals from the order of the Superior Court which affirmed the order of the trial court sentencing him to, *inter alia,* ninety days imprisonment. We reverse for the reasons stated below.

On September 28, 1993, Appellant was cited by a Lebanon City Police officer for driving under a suspended license, D.U.I. related, 75 Pa.C.S.A. § 1543(b). On February 15, 1994, Appellant was found guilty by a District Justice. On March 17, 1994, Appellant, acting as his own counsel, filed a notice of appeal for a *de novo* trial in the Court of Common Pleas of Lebanon County. That court originally scheduled the trial for May 25, 1994. On May 24, 1994, Appellant, still acting as his own counsel, filed a written motion for continuance of the trial. Appellant failed to comply with the Lebanon County local rule of court [1] which required that he provide a self-addressed stamped envelope so that he could receive a copy of the court's signed order granting or denying the motion.[2] The motion for continuance was granted and the hearing was rescheduled to June 29, 1994. Appellant, having received no copy of the order indicating the rescheduled date, failed to appear on June 29, 1994 and was found guilty *in absentia*. Subsequently, the trial court found as a fact that Appellant did not provide a self-addressed stamped envelope.

Appellant filed an appeal to the Superior Court, claiming that his right of procedural due process had been violated because he had not been given notice of the rescheduled hearing. The Superior Court denied Appellant any relief and affirmed on the basis of the trial court opinion which reasoned that Appellant's failure to comply with the Lebanon County

1. The local rule at issue reads as follows:

   Upon the filing of any order, motion, petition, or rule for disposition by the Court, the filing attorney shall provide the Prothonotary with copies of the order, motion, petition or rule and a *stamped,* addressed envelope for each counsel of record. The Prothonotary shall conform the copies and serve counsel as required by law or rule of court.

   This is Lebanon County Court of Common Pleas Civil Rule 15(D) which was incorporated in the local criminal procedural rules by Lebanon County Criminal Rule No. 2 which reads as follows:

   The Lebanon County Court of Common Pleas—Civil Division Rules insofar as they are applicable and are not inconsistent with these Rules and the Pennsylvania Rules of Criminal Procedure, are hereby adopted as rules governing the business of these Courts.

2. Appellant asserted in the courts below and in this court that he was unaware of the local rule and its requirements.

court local rule caused Appellant's lack of notice, and, as such, Appellant cannot be heard to complain of his lack of notice.

Before this court, Appellant claims that the Lebanon County court local rule and its procedure is unconstitutional as violative of procedural due process in that it denied Appellant notice of the hearing. However, because we find that the Lebanon County Clerk of Courts failed to fulfill its obligation under Pa.R.Crim.P. 9025, we find it unnecessary to reach the constitutional issue. *See Commonwealth v. Dillworth*, 431 Pa. 479, 483, 246 A.2d 859, 861 (1968). *See also In re Fiori*, 543 Pa. 592, 600, 673 A.2d 905, 909 (1996); *Commonwealth v. Tarbert*, 517 Pa. 277, 301–02, 535 A.2d 1035, 1047 (1987) (Papadakos, J., concurring); *Commonwealth v. Richman*, 458 Pa. 167, 187, 320 A.2d 351, 357 (1974)(Pomeroy, J., concurring)("Our court has a well-founded reluctance to decide issues of constitutional law when disposition can be had on some other adequate ground.").

■ In his brief to this court, Appellant does raise an issue of the proper interpretation of Pa.R.Crim.P. 9025 and what it requires. Appellant essentially suggests that the Lebanon County court local rule is inconsistent with Pa.R.Crim.P. 9025.[3] Appellant states:

Notwithstanding, the due process issue, there is statutory [sic] guidance in the Pennsylvania Rule[s] of Criminal Procedure. Under Pa.R.Crim. Rule [sic] 9025, formerly Pa. R.Crim.P. Rule 9024, the Rule states the following:

"Upon receipt of an Order from a Judge, the Clerk of Courts shall immediately docket the Order and record in the docket the date it was made. The Clerk shall forthwith furnish a copy of the Order, by mail or personal delivery, to each party or attorney, and shall record in the docket the time and manner thereof."

Prior to January 1, 1994 there was a provision in this Rule that said "except as may be provided by local Rules".

---

**3.** As the issue of whether a local rule of court conflicts with a statewide rule presents a pure question of law, our standard of review is plenary as with any question of law. *Ertel v. Patriot–News Company*, 544 Pa. 93, 99, 674 A.2d 1038, 1041 (1996).

This was deleted for all cases commencing after January 1, 1994. This provision may leave the notice requirement ambiguous from the period of January 1, 1994 until September 1, 1994 when new Amendments were introduced into the Rules of Criminal Procedure.

Appellant's Brief at 9–10.

Pa.R.Crim.P. 9025 currently reads as follows:

Upon receipt of an order from a judge, the clerk of courts shall immediately docket the order and record in the docket the date it was made. The clerk shall forthwith furnish a copy of the order, by mail or personal delivery, to each party or attorney and shall record in the docket the time and manner thereof.

The predecessor of Pa.R.Crim.P. 9025 was the former Pa. R.Crim.P. 9024 and read as follows:

Upon receipt of an order from a judge, the clerk of court shall immediately docket the order and record in the docket the date it was made. *Except as may be provided by local rules,* the clerk shall forthwith furnish a copy of the order, by mail or personal delivery, to each party or attorney, and shall record in the docket the time and manner thereof.

(Emphasis added). The emphasized words appearing in the former Pa.R.Crim.P. 9024 permitted local rules to provide otherwise than the statewide rule. Those precise words were dropped from the successor rule, presently Pa.R.Crim.P. 9025. Thus, under current Rule 9025, local rules may not deviate from the practice provided for in the statewide rule. Accordingly, depending upon which version of the statewide rule is applicable to this case, the local rule may either deviate from the statewide rule or it may not.

Appellant suggests that Pa.R.Crim.P. 9025 as revised is clearly inconsistent with the local rule as interpreted by the lower courts. Appellant seems unsure, however, as to whether the newer version of the statewide rule as presently embodied in Pa.R.Crim.P. 9025 applies or whether the earlier version of the rule as embodied in former Pa.R.Crim.P. 9024 applies.

The Commonwealth does not share Appellant's uncertainty. The Commonwealth asserts that the earlier version of the rule as embodied in former Rule 9024 applies. The Commonwealth argues that the "final form of the [revised] Rules was not effective until September 1, 1994, *after* Appellant had been determined to be guilty of the offense and *after* Appellant's sentencing in this matter." Commonwealth's Brief at 9.

█ The "Note" following present Rule 9025 provides guidance as to which version of the statewide rule is applicable herein. The Note reads as follows:

NOTE: Formerly Rule 9024, adopted October 21, 1983, effective January 1, 1984; amended March 22, 1993, *effective as to cases in which the determination of guilt occurs on or after January 1, 1994;* renumbered Rule 9025 and Comment revised June 2, 1994, effective September 1, 1994.

(emphasis added). As the emphasized language indicates, the revised Rule 9025 (*i.e.,* the Rule without the language "Except as may be provided by local rules") was applicable to cases in which the determination of guilt occurred on or after January 1, 1994. As Appellant herein was first found guilty on February 15, 1994, the revised Rule 9025 applies. Therefore, the Lebanon County court local rules may not provide otherwise than the statewide rule.

The apparent source of confusion for the litigants as to which version of the statewide rule applied arose because of the language in the Note which provided that former Pa. R.Crim.P. 9024 was **renumbered** to the present Pa.R.Crim.P. 9025 effective September 1, 1994. Although the renumbering of the Criminal Procedural rules did not take effect until September 1, 1994, the linguistic revisions (which excised the language "Except as may be provided by local rules") clearly became applicable to cases where guilt was determined on or after January 1, 1994. Having decided which version of the statewide rule applies, we must now determine what Rule 9025 means as applied to this case.

█ Pa.R.Crim.P. 9025 provides that the Clerk "*shall forthwith furnish a copy of the Order.*" (emphasis added) We

note that the Rules of Criminal Procedure are to be construed in accordance with the rules of statutory construction. *Commonwealth v. Reeb*, 406 Pa.Super. 28, 593 A.2d 853 (1991), *alloc. den.*, 530 Pa. 665, 610 A.2d 45 (1992). *Cf.* Pa.R.A.P. 107. With this principle in mind we recall that "[t]he word 'shall' as used in a statute is generally regarded as mandatory, i.e., imposing a duty upon the party to whom the statute is directed." *Commonwealth v. Sojourner*, 513 Pa. 36, 41–42, 518 A.2d 1145, 1148 (1986) (citations omitted). Though this is a rule of statutory construction, it is applicable as well in the context of procedural rules. Notwithstanding the general rule that "shall" is mandatory, we are aware that the word "shall" has also been interpreted to mean "may" or as being merely directory as opposed to mandatory. *See e.g., Commonwealth ex rel. Bell v. Powell*, 249 Pa. 144, 94 A. 746 (1915) (interpreting "shall" as "may"); *Fishkin v. Hi–Acres, Inc.*, 462 Pa. 309, 341 A.2d 95 (1975)(interpreting "shall" to be merely directory as opposed to mandatory). In observing that the word "shall" can be ambiguous given that it may be interpreted in at least one of two ways, we have stated that

> [e]xcept when relating to the time of doing something, statutory provisions containing the word "shall" are usually considered to be mandatory, but it is the intent of the legislature which governs, and this intent is to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other.

*Francis v. Corleto*, 418 Pa. 417, 428, 211 A.2d 503, 509 (1965) *quoting, Pleasant Hills Borough v. Carroll*, 182 Pa.Super. 102, 106, 125 A.2d 466, 468 (1956). When there is ambiguity in the procedural rules promulgated by the Pennsylvania Supreme Court, the intent of the Supreme Court is controlling. *Commonwealth v. Dorman*, 272 Pa.Super. 149, 156 n. 8, 414 A.2d 713, 717 n. 8 (1979). As this court is the promulgator of Pa.R.Crim.P. 9025, we find it unnecessary to resort to the rules of statutory construction which are but tools in aid of uncovering the intent of the promulgators/legislators; presumably, we are aware of our intent in enacting Rule 9025.

222

Accordingly, by utilizing the word "shall" in Rule 9025, this court intended that it be mandatory. Therefore, the Clerk of Courts has a mandatory duty to furnish a copy of orders by mail or personal delivery to each party or attorney. Here, the Clerk of Courts failed to comply with this mandatory duty. The trial court found in essence that this mandatory duty imposed upon the Clerk of Courts by Pa.R.Crim.P. 9025 was rendered non-mandatory by Appellant's failure to comply with the local rule. The trial court ruled "[u]nder our local rules it is Defendant's [i.e., Appellant's] duty to take affirmative action, either by enclosing a stamped addressed envelope or by coming to the Clerk of Courts' office, to determine whether his motion has been granted or denied...." *Commonwealth v. Baker*, No. 94–10220, slip op. at 2 (C.P. Court of Lebanon County, Criminal Division Oct. 19, 1994). This interpretation of the local rule clearly renders the local rule inconsistent with Rule 9025. The trial court's interpretation of the rule shifts the burden of "furnishing a copy of the order, by mail or personal delivery" from the Clerk of Courts, upon whom Rule 9025 places the burden, to the movant. As this is inconsistent with Rule 9025, the local rule as interpreted by the lower courts cannot be given effect. *See* Pa.R.Crim.P. 6(b)(1) ("Local rules shall not be inconsistent with any general rule of the Supreme court or any act of the Assembly."); *Feingold v. SEPTA*, 512 Pa. 567, 572, 517 A.2d 1270, 1272 (1986) ("local rules cannot be construed so as to be inconsistent with the prevailing state-wide rules.")

In this regard we find *Commonwealth v. Reyes*, 531 Pa. 72, 611 A.2d 190 (1992) instructive. In *Reyes*, a local rule permitted defendants to file a pretrial omnibus motion to suppress with the Clerk of Quarter Sessions in Philadelphia, who then, according to the local rule/custom, placed a copy of the motion in a bin for the District Attorney. Apparently, someone from the District Attorney's office would pick up the motions left in that bin once or twice a week. In *Reyes*, the Commonwealth alleged that no service of the motion to suppress had been made upon the Commonwealth and that it had no notice of the motion, and, therefore, it was unprepared to argue the merits

of the motion. Due to delay in trial caused by the Commonwealth being unprepared to argue the suppression motion, the Defendant moved for dismissal based upon a violation of Pa.R.Crim.P. 1100. The trial court dismissed the charges, finding that the Commonwealth did not act with due diligence as required by Rule 1100. The trial court relied upon its local rule, reasoning that because the local rule was complied with, it is presumed that the Commonwealth received notice of the motion to suppress in the absence of proof that the local rule had not been complied with. This court reversed, reasoning that Pa.R.Crim.P. 9023(b) squarely places the burden of service upon the moving party and "[b]y contrast, the local custom ... shifts the burden of effectuating service and the giving of notice from the movant and places that burden on the Clerk of Courts, who gratuitously acts as the District Attorney's mailbox. This is unacceptable practice and must cease forthwith." *Reyes*, 531 Pa. at 77, 611 A.2d at 193. Likewise here, Pa.R.Crim.P. 9025 places the burden of furnishing a copy of the order by mail or personal delivery squarely upon the Clerk of Courts; the lower courts' interpretation of the local rule clearly shifts the burden to the movant. As *Reyes* found such a shifting of the burden unacceptable as being inconsistent with the statewide rule, so likewise in this case, the shifting of burden is inconsistent with Rule 9025 and, as such, is not enforceable.

■ We wish to be clear as to our holding today. From our reading of the local rule, it is not at all evident that the way in which the lower courts interpreted the local rule in this case is compelled by the language of the rule. Indeed, the local rule is silent as to the effect of noncompliance. There is not one word of the local rule which absolves the Clerk of Courts from its mandatory duty to furnish a copy of the order to each party or their attorney. Accordingly, we do not hold that the local rule as written conflicts with Rule 9025; rather, we hold that the local rule as *interpreted and applied in this case* conflicts with Rule 9025. The lower courts interpreted the local rule as absolving the Clerk of Courts from fulfilling its mandatory duty to furnish a copy of the order when the local

rule is not complied with. As the lower courts did not create the mandatory duty, they are not empowered to negate the mandatory duty by means of enacting or interpreting local rules. In other words, in the absence of some general rule to the contrary, courts are not prevented from requiring that litigants provide addresses or envelopes or even to bear the costs of the court associated with sending orders, etc.; however, courts may not render void mandatory duties imposed upon them or their employees or the parties by statewide rules as a price for non-compliance with a local rule.

Accordingly, the Order of the Superior Court is reversed. This case is remanded for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.

ZAPPALA and CASTILLE, JJ., concur in the result.