**[J-100-2025]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, McCAFFERY, JJ.**

| | | |
|---|---|---|
| IN RE: APPOINTMENT TO FILL A VACANCY IN THE OFFICE OF COUNTY COMMISSIONER | : | No. 51 MAP 2025 |
| | : | |
| | : | Appeal from the July 18, 2025, order |
| | : | of the Commonwealth Court at Nos. |
| | : | 653 and 697 CD 2025 affirming the |
| APPEAL OF: LACKAWANNA COUNTY AND WILLIAM GAUGHAN | : | order of the Lackawanna County |
| | : | Court of Common Pleas at No. |
| | : | 2025-CV-2692. |
| | : | |
| | : | SUBMITTED: September 23, 2025 |

**OPINION**

**JUSTICE McCAFFERY**                                    **DECIDED: October 20, 2025**

The Lackawanna County Home Rule Charter directs the Lackawanna County Court of Common Pleas to temporarily fill a vacancy in any elected County office. *See* Lackawanna County Home Rule Charter, § 1-2.206. The Home Rule Charter further directs the court to choose from a pool of three candidates supplied by the executive committee of the party of the vacating official. *See id*. Today, we are asked to determine whether Pa.R.J.A. 1908 overrides the second of these two Charter directives.[1] We

---

[1] Rule 1908 provides:

When a court of common pleas is filling a vacancy to an elected office under a statutory duty, the following procedures shall apply:

**(a)** The Court shall receive applications from any interested candidates for the position pursuant to a deadline established by the court.

(continued…)

conclude Section 1-2.206 does not conflict with Rule 1908. And even if Section 1-2.206 conflicted with Rule 1908, it would not impermissibly intrude on this Court's prerogatives in supervising the operation of the Pennsylvania judiciary. Accordingly, we affirm the Commonwealth Court's decision.

On March 5, 2025, the Lackawanna County Board of Commissioners accepted the resignation of Democratic Commissioner Matt McGloin. The next day, then-President Judge of the Lackawanna County Court of Common Pleas Patricia Corbett accepted the resignation and entered an order indicating the court would follow the procedures set forth in the Lackawanna County Home Rule Charter for filling the vacancy left by McGloin's resignation.[2] The order required the Lackawanna County Democratic Committee (LCDC) to submit three names for consideration by March 11. The LCDC timely submitted the required list.

---

**(b)** The names of all candidates under consideration and any written application materials submitted by any candidate are public information and shall be made available to any member of the public upon request. The following items included in any written application materials shall not be publicly released: the candidate's Social Security number; the candidate's home address, personal telephone number, and personal email address; and information pertaining to the name, home address, or date of birth of children under 17 years of age.

**(c)** Selection shall be by a vote of the commissioned judges of the court, including the president judge. In the event of a tie vote, the president judge will cast the deciding vote.

Pa.R.J.A. 1908.

[2] Judge James Gibbons was sworn in as President Judge of the Lackawanna County Court of Common Peas on March 17, 2025.

Six days later, one of the two remaining Lackawanna County Commissioners, William Gaughan, filed a petition objecting to the process chosen by the court.[3] Instead, Gaughan requested that the court consider "any interested candidate" pursuant to Rule 1908, asserting that Rule 1908 overrode the County's Home Rule Charter. Shortly thereafter, President Judge James Gibbons assigned Gaughan's petition to a three-Judge panel of Senior Judges (the trial court).

The trial court issued a split decision on May 22, 2025, with the majority concluding that Commissioner Gaughan's "reading of Pa.R.J.A. 1908 simply defies logic and means every time the [Supreme Court] issues a new rule, be it administrative or procedural, [Home Rule Charter] communities better hold their breath lest their constitutionally guaranteed right to self-rule be consumed … by a pac-man like anonymous rule making committee unanswerable to any public input." Trial Court Opinion, 5/22/2025, at 32. The majority therefore concluded that the Lackawanna County Home Rule Charter's provisions controlled.

One Judge dissented, concluding that Rule 1908 represented a rule of state-wide application, which therefore overrode any local provisions to the contrary. Trial Court Opinion, 5/22/2025, at 39 (Mazzoni, J., dissenting). As such, the dissenting Judge would have granted Commissioner Gaughan's petition.

Commissioner Gaughan appealed to the Commonwealth Court, which issued its decision affirming the trial court on July 18, 2025. The Commonwealth Court began its

---

[3] Commissioner Gaughan, with the assistance of the County Solicitor, also claimed to be acting on behalf of Lackawanna County. The Commonwealth Court ultimately ruled that the Board of Commissioners had not authorized either Commissioner Gaughan or the County Solicitor to act on the County's behalf. *See In re Appointment to Fill a Vacancy in Off. Of Cnty. Comm'r*, 653 & 697 C.D. 2025, *4 (Pa. Cmwlth. filed Jul. 18, 2025) (unreported). We did not accept review of this specific ruling, and thus, for ease of reading, will refer to Gaughan's filings as being only on his own behalf. We also omit any reference to designated Appellee's, the Lackawanna County Democratic Committee's appeals or arguments regarding the County's standing.

analysis by summarizing the constitutional and statutory bases for home rule charters. The Court noted that municipalities have a right to adopt home rule charters under the Pennsylvania Constitution. *See In re Appointment to Fill a Vacancy in Off. Of Cnty. Comm'r*, 653 & 697 C.D. 2025, *6 (Pa. Cmwlth. filed Jul. 18, 2025) (unreported) (*In re Appointment*). Thus, the Court opined that an exercise of power under a home rule charter is presumptively valid unless the Constitution, other acts of the legislature, or the charter itself restricts the contemplated action. *See id*.

The Commonwealth Court noted that the legislature imposed at least one limit to the powers available to municipalities under home rule charters: home rule charters may not grant or limit powers in a manner that contradicts laws[4] of general application. throughout the Commonwealth. *See In re Appointment*, 653 & 697 C.D. at *6. The Court then turned to the question of whether Section 1-2.206 of the Lackawanna County Home Rule Charter contradicts any law of general statewide application. It noted that the selection of a replacement Lackawanna County Commissioner is "a matter strictly local to Lackawanna County, not one of statewide concern." *Id*. at *7 (citation omitted). The Court distinguished its own precedent in *In re District Attorney*, 756 A.2d 711 (Pa. Cmwlth. 2000), observing that there, the issue was the duration of the temporary appointment, not the process utilized to select the appointee. *See In re Appointment*, at *7. Even then, the court of common pleas in *In re District Attorney* utilized the procedure set forth in Section 1-2.206 of the Lackawanna County Home Rule Charter to choose the replacement. *See id*. Here, the panel noted that Section 1-2.206(b) does not contradict

---

[4] Statutes, home rule charter provisions, and procedural rules adopted by this Court, though all technically distinct classes of enactments, are generally treated as "law," subject to Constitutional constraints such as the separation of powers. We will therefore refer to all three as "law" for readability purposes. Further, home rule charter provisions are generally treated as legislative acts, again subject to Constitutional considerations and laws of state-wide applicability. *See In re Addison*, 122 A.2d 272, 276 (Pa. 1956). Hence, we will thus refer to Section 1-2.206 as a statute when appropriate.

the terms of Section 12501 of the County Code, which only requires the appointment of "a member of the same political party as the vacating county commissioner at the time the vacating county commissioner was elected[.]" *Id*.; *see also* 16 Pa.C.S. § 12501(b).

The Commonwealth Court acknowledged that its jurisprudence was not always consistent in assessing what constitutes a law of general application throughout the Commonwealth. *See In re Appointment*, 653 & 697 C.D. at *8. Nonetheless, it concluded that "a statute that is facially applicable to less than all classes of counties, and also not facially applicable to home rule charter counties, does not constitute a statute applicable in every part of the Commonwealth." *See id*. (citations omitted).

With this in mind, the Court turned to Rule 1908, noting that the Rule's application is triggered when a court of common pleas is acting pursuant to a statutory duty. *See In re Appointment*, 653 & 697 C.D. at *8. The Court then rejected Commissioner Gaughan's argument that the statutory duty here originated in Section 12501(b) of the County Code. *See id*. It explained that under Commonwealth Court precedent, the County Code applies only to counties without a home rule charter. *See id*. at *9 (citations omitted). Thus, in enacting a home rule charter, Lackawanna County removed itself from the provisions of the County Code and is now governed exclusively by its Home Rule Charter. *See id*. (citations omitted). In turn, the Court determined that the statutory duty at issue in this case emanated from Section 1-2.206 of the Home Rule Charter, not Section 12501(b) of the County Code. *See id*. (citations omitted). As a result, the Court concluded that the terms of Section 1-2.206 controlled in determining the process to select a temporary replacement to the Board of Commissioners. *See id*.

Further, the Commonwealth Court opined that Section 1-2.206 of the Lackawanna County Home Rule Charter does not conflict with Rule 1908. *See In re Appointment*, 653 & 697 C.D. at *9. While Section 1-2.206 identifies the "universe of candidates" from which

the Court of Common Pleas may choose from, it "does not provide the procedure by which the [Court of Common Pleas] makes its selection of the replacement candidates." *See id*.

As a final consideration, the Court acknowledged that, generally, a statute cannot abrogate a procedural rule duly adopted by the Pennsylvania Supreme Court. *See In re Appointment*, 653 & 697 C.D. at *9. Specifically, it stated "[a]ccordingly, … Section 1-2.206 cannot be deemed to override any aspect of Rule 1908." *Id*. However, the Court concluded that the two provisions do not conflict: Section 1-2.206 provides the manner to determine the pool of candidates eligible for appointment, while Rule 1908 provides the procedures for selecting a candidate from that pool. *See id*., at *10.

Commissioner Gaughan timely sought review in this Court, and we granted review of a single issue: "Whether home rule charters may supplant the uniform procedure in Pa.R.J.A. 1908 that applies to courts of common pleas when filling vacancies in public office?" *In re Appointment to Fill a Vacancy in the Office of County Commissioner*, 2025 WL 2553824.

On appeal, Commissioner Gaughan presents a two-step argument. First, he asserts that Section 1-2.206 fundamentally conflicts with Rule 1908. He contends Section 1-2.206 requires the Court of Common Pleas to consider only three candidates chosen by the appropriate party executive committee, while Rule 1908 requires the Court of Common Pleas to consider **any interested** candidate.

Second, he claims that, given this Court's "power to prescribe general rules governing practice, procedure and the conduct of all courts … including … the administration of all courts and supervision of all officers of the Judicial Branch …," the conflicting provisions of Section 1-2.206 must yield to the provisions of Rule 1908. Appellant's Brief at 13 (*citing* PA.CONST. art. 5, § 10(c)).

As the trial court correctly recognized, Commissioner Gaughan's first argument raises an issue of statutory interpretation. To determine whether Section 1-2.206 and Rule 1908 conflict, we must determine what each authority requires. Both authorities must be construed in a manner consonant with effectuating the intent of the promulgator. *See Commonwealth v. Baker*, 690 A.2d 164, 167 (Pa. 1997). If there are ambiguities, we may resort to the rules of statutory construction. *See id*.

We begin with Section 1-2.206(b):

> If a vacancy [in the office of any elected County officer] occurs, the executive committee of the political party of the person elected to the office in question shall submit a list of three persons to the judges of the court [en banc] within five (5) days of the vacancy. The court shall appoint one of the three (3) persons recommended to temporarily fill the vacancy.

Lackawanna County Home Rule Charter, § 1-2.206(b).[5] No party or court in this proceeding has identified any relevant ambiguity in this provision. Nor do we. Section 1-2.206(b) clearly requires the Court of Common Pleas to select from three candidates identified by the executive committee of the appropriate political party.

We therefore turn to Rule 1908, which Commissioner Gaughan contends conflicts with Section 1-2.206(b): "When a court of common pleas is filling a vacancy to an elected office under a statutory duty, the following procedures shall apply: (a) The Court shall receive applications from any interested candidates for the position pursuant to a deadline established by the court." Pa.R.J.A. 1908(a). Commissioner Gaughan contends that Rule 1908 requires the Court of Common Pleas to consider any candidate who indicates an interest in the office. *See* Appellant's Brief at 14. We disagree.

---

[5] For purposes of this appeal, Commissioner Gaughan does not challenge the Commonwealth Court's conclusion that Lackawanna County, by dint of enacting its Home Rule Charter, is "removed from the operation of the County Code, which applies in the Commonwealth's non-home rule counties." *In re Appointment*, 653 & 697 C.D. at *9 (citations omitted). Accordingly, we treat Section 1-2.206 as the relevant statutory authority and not the County Code.

Rule 1908 provides procedures for a court of common pleas to follow when filling a vacancy in an elected office pursuant to a statutory duty. It does not explicitly reference any specific statute. Rule 1908 is thus a general rule, providing a framework for courts to follow when any statute directs the court to fill such a vacancy. It is intended to cover a wide variety of circumstances that may arise under a multitude of statutes that delegate such a duty to the court of common pleas. For instance, the Rule does not set forth any specific number of days, or even a justiciable standard such as "reasonable," for the deadline to receive applications. *See* Pa.R.J.A. 1908(a). This reflects deference to the statute from which the duty to appoint arises.

Similarly, the term "interested candidate" must be construed in accordance with the statute which triggers the application of Rule 1908. Contrary to Commissioner Gaughan's argument, the Rule does not address who may be an interested candidate. Instead, the language employed is vague since it is meant to apply when triggered by many different statutes. In other words, the Rule was drafted in a manner that allows flexibility based on the requirements of the triggering statute.

Commissioner Gaughan tacitly concedes as much. In his Petition for Allowance of Appeal to this Court, Commissioner Gaughan asserted that "there is no dispute" between 16 Pa.C.S. § 12501 and Section 1-2.206, in that "both require appointment of a member of the same political party as the vacating commissioner." *See* Petition for Allowance of Appeal, 420 MAL 2025, at 21 n.9. Left unsaid in either the Petition for Allowance of Appeal or the Commissioner's merits brief is whether "interested candidate" in Rule 1908 is limited to only members of the same political party as the vacating officer. As further examples, would Commissioner Gaughan's strict textual reading of Rule 1908 require the court of common pleas to consider the application of a 12-year-old to fill the vacancy? What about a resident of a different County or State? Commissioner Gaughan

makes no attempt to address the further consequences of his argument. Indeed, the absurd results counsel against adopting it.

Instead, the natural reading of Rule 1908 provides a general framework for courts of common pleas to follow when they are statutorily tasked with filling a vacancy in elected office. The Rule does not purport to be exclusive or exhaustive in setting forth the framework, and this is consistent with a desire that it be sufficiently flexible to accommodate many different triggering statutes. Far from revealing an intent to override the provisions of such triggering statutes, Rule 1908 was crafted to accommodate their various procedures and requirements to the greatest extent possible. We therefore agree with the Commonwealth Court that Rule 1908 and Section 1-2.206 do not conflict. Since we conclude that Section 1-2.206 and Rule 1908 do not conflict, we need not address Commissioner Gaughan's argument that Section 1-2.206 cannot supersede the provisions of Rule 1908, which is undeniably a law of state-wide application. The first step of Commissioner Gaughan's two-step argument fails.

Turning to the Commissioner's second argument, we note that even if we did find Section 1-2.206 and Rule 1908 to be in conflict, we conclude that Section 1-2.206 does not impermissibly intrude on this Court's article V, § 10 powers to regulate procedure and supervise the judiciary. We emphasize that this argument is distinct from the Commissioner's assertion that Rule 1908, as a law of state-wide application, overrides the provisions of Section 1-2.206. As set forth above, we need not answer the question of whether the power to fill a vacancy in a Lackawanna County elected office is a matter of state-wide or purely local concern.

In contrast, Commissioner Gaughan's claim that Section 1-2.206 impermissibly violates the separation of powers under the Pennsylvania Constitution represents an independent basis for reversing the decision of the Commonwealth Court. If we were to

conclude that Section 1-2.206 impermissibly intrudes on this Court's rule making authority, Section 1-2.206 would be invalid on that ground alone. *See Commonwealth v. Lockridge*, 810 A.2d 1191, 1194-1195 (Pa. 2002).

As with all questions concerning the scope of this Court's powers, we begin with the Pennsylvania Constitution, which declares that "all vacancies [for County officers] shall be filled in such a manner as may be provided by law." PA.CONST. art IX, § 4. The legislature is empowered to enact such "law," so long as it does not contradict Constitutional provisions. *See*, *e.g.*, *Commonwealth ex rel. King v. King*, 85 Pa. 103, 110-111 (Pa. 1877) (construing the Act of May 15th 1874, so that it did not violate Constitutional provisions regarding the filling of vacancies in elected offices "as may be provided by law."). In other words, the procedure for filling vacancies in elected County offices is, at its core, a legislative, not judicial, function. Our Rules of Judicial Administration are not to be construed in such a way that they violate the separation of powers under the Pennsylvania Constitution. *See* Pa.R.J.A. 109(d). As such, we decline to construe Rule 1908 in a manner that would infringe on the legislative prerogative in defining how a vacancy in elected office is filled.

Indeed, Commissioner Gaughan does not challenge the Home Rule Charter's power to delegate the decision to the court of common pleas. His argument implicitly accepts the premise that the Lackawanna County Court of Common Pleas is the appropriate venue for choosing the replacement. But this delegation itself reflects a legislative choice, not a Constitutional commandment enforceable in a court of law. Under article IX, § 4, the county's voters could have chosen another person or institution to make this decision. Pursuant to the Lackawanna County Home Rule Charter, they chose to delegate the duty to the Lackawanna County Court of Common Pleas. *See* Lackawanna County Home Rule Charter § 1-2.206. It cannot reasonably be argued that

the charter, in delegating the duty to make the decision, nevertheless lacked the power to direct the manner in which the decision is to be made.[6]

As a consequence, we cannot conclude that Section 1-2.206 of the Lackawanna County Home Rule Charter impermissibly intrudes on this Court's Constitutional rule-making prerogatives.

In sum, Rule 1908 does not conflict with the Section 1-2.206 of the Lackawanna County Home Rule Charter. Instead, the two provisions act in concert to provide the court of common pleas with a procedure to be followed when acting to fill a vacancy in the Lackawanna County Board of Commissioners. And even if we were to conclude the provisions conflict, Section 1-2.206 of the Charter does not impermissibly attempt to regulate judicial procedure. We therefore affirm the decision of the Commonwealth Court.

Justices Donohue, Mundy and Brobson join the opinion.

Chief Justice Todd files a concurring opinion in which Justice Wecht joins.

Justice Dougherty did not participate in the decision of this matter.

---

[6] On the other hand, there is nothing requiring this Court to accept the delegation of power from the legislative branch to an inferior court under all circumstances. Nonetheless, Rule 1908 represents a general acceptance of the delegation of the power to choose a temporary replacement for a vacancy in an elected office, subject, as always, to this Court's power to supervise the inferior courts.