J-S50029-15

2015 PA Super 216

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFERY WILLIAMS | |
| Appellant | No. 2209 EDA 2014 |

Appeal from the Judgment of Sentence July 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005376-2014

BEFORE: PANELLA, J., MUNDY, J., and JENKINS, J.

OPINION BY MUNDY, J.:                     **FILED OCTOBER 6, 2015**

Appellant, Jeffery Williams, appeals from the July 18, 2014 aggregate judgment of sentence of 90 days to 6 months' imprisonment, imposed after he was found guilty of four counts of DUI and one count of possession of marijuana.[1] After careful review, we affirm.

We summarize the relevant factual and procedural history of this case as follows. On October 6, 2012, Officer Alvina McClain of the Philadelphia Police Department was on a patrol around 600 Stenton Avenue. N.T., 4/11/13, at 5. Officer McClain observed a vehicle traveling northbound on Stenton with its trunk open. *Id.* at 6. Specifically, "the trunk was bouncing

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(d)(1), 3802(d)(2), 3803(d)(3), and 35 P.S. § 780-113(a)(31), respectively.

up and down." ***Id.*** Officer McClain believed she was in a high-crime area and she was not "sure whether or not a crime had occurred and the person didn't get [a] chance to close the trunk or if he maybe hit the trunk open button and didn't realize it[.]" ***Id.*** Officer McClain pulled the vehicle over. Upon effectuating the stop, Officer McClain saw that Appellant was the driver and noticed he had alcohol on his breath and his eyes were both watery and bloodshot. ***Id.*** at 7-8. The police eventually found marijuana hidden in Appellant's left sock. ***Id.*** at 9.

Appellant was arrested and subsequently charged with the above mentioned offenses in the Philadelphia Municipal Court.[2] Appellant made a motion to suppress in the municipal court on the grounds that the seizure of his vehicle by the police violated his Fourth Amendment rights. After a suppression hearing, the municipal court granted Appellant's motion on April 6, 2013. The Commonwealth filed a notice of appeal to the trial court on May 6, 2013. On August 26, 2013, after hearing argument, the trial court reversed the municipal court's grant of suppression, and remanded the case to the municipal court for trial.

Appellant proceeded to a stipulated trial in the municipal court on March 10, 2014, at the conclusion of which the municipal court found

_____

[2] For ease of reference, we will refer to the Philadelphia Municipal Court as the "municipal court" and the Court of Common Pleas of Philadelphia County as the "trial court."

Appellant guilty of all charges. On April 25, 2014, the municipal court imposed an aggregate sentence of 90 to 180 days' imprisonment, to be followed by 18 months' probation. On May 6, 2014, Appellant filed a notice of appeal to the trial court for a trial *de novo*. Appellant proceeded to another stipulated bench trial in the trial court on July 18, 2014, at the conclusion of which the trial court found Appellant guilty of all charges, and imposed an immediate sentence of 90 days to 6 months' imprisonment. Appellant did not file a post-sentence motion. On July 31, 2014, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises two issues for our review.

1. Was not the [trial] court without jurisdiction to reverse the [municipal court]'s grant of [A]ppellant's pretrial suppression application because the Commonwealth filed its notice of appeal to the [trial court] beyond the fifteen day time [period] allowed by the Local Rules of Procedure?

2. Did not the [municipal court] properly grant [A]ppellant's application to suppress because the officer did not have reasonable suspicion or probable cause of criminal wrongdoing or that [A]ppellant violated the Motor Vehicle Code?

Appellant's Brief at 3.

In Appellant's first issue, he argues that the trial court lacked jurisdiction to hear the Commonwealth's appeal of the municipal court's

---

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 3 -

order granting his suppression motion. *Id.* at 10. Specifically, Appellant argues that Philadelphia Rule of Criminal Procedure 630(J) requires all Commonwealth appeals from grants of suppression be filed within 15 days. *Id.* The Commonwealth acknowledges that it filed its notice of appeal 21 days after the municipal court's order, but argues that it had 30 days to appeal under Pennsylvania Rule of Criminal Procedure 1005(C), which rendered its appeal timely.[4] Commonwealth's Brief at 10.

The Commonwealth also argues that Appellant has waived this issue as he is raising it for the first time in his brief to this Court. *Id.* at 9. Appellant acknowledges that he did not raise this issue in the trial court or in his Rule 1925(b) statement. Appellant's Brief at 11 n.2. This would generally result in waiver. *See generally Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011); Pa.R.A.P. 302(a), 1925(b)(4)(vii). However, Appellant correctly observes that this presents a non-waivable jurisdictional issue. Appellant's Brief at 11 n.2. It is axiomatic that the timeliness of an appeal is jurisdictional and non-waivable. *See, e.g.*, *Commonwealth v. Menezes*, 871 A.2d 204, 207 (Pa. Super. 2005) (stating, under Pennsylvania Rule 1006(1)(A), "[a]s a general rule, the Court of Common Pleas **has no jurisdiction** to issue a writ of *certiorari* to a petitioner who files his petition

---

[4] For ease of reference, we will hereinafter refer to the statewide rule as "Pennsylvania Rule 1005" and the Philadelphia local rule as "Philadelphia Rule 630."

for a writ after thirty days following his conviction[]") (emphasis added), *appeal denied*, 890 A.2d 1057 (Pa. 2005). It would be an anomaly for this Court to conclude that timely notices of appeal by the defendant are jurisdictional, but notices of appeal by the Commonwealth are not. **See id.** Therefore, Appellant's issue regarding the Commonwealth's alleged untimely appeal is not subject to waiver. We therefore proceed to address the question on its merits.

In general, although the local courts have broad authority to promulgate local rules of procedure, "[l]ocal rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly." Pa.R.Crim.P. 105(B); **see also Commonwealth v. Reyes**, 611 A.2d 190, 193 (Pa. 1992) (stating, "local rules cannot be construed so as to be inconsistent with the prevailing state-wide rules[]") (citation omitted). In construing the Rules of Criminal Procedure, as the ultimate promulgator of said Rules, it is the intent of our Supreme Court that controls. **Commonwealth v. Baker**, 690 A.2d 164, 167 (Pa. 1997). In performing our task, we also look to the tools of statutory construction. **Id.** In analyzing the intent of our Supreme Court, "the best indication of [said] intent is the plain language of a [rule]." **Commonwealth v. Wilson**, 111 A.3d 747, 751 (Pa. Super. 2015) (citations omitted). "In pursuing that end, we are mindful that '[w]hen the words of a [rule] are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of

pursuing its spirit.'" ***Id.***, *quoting* 1 Pa.C.S.A. § 1921(b). In addition, "'[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage,' while any words or phrases that have acquired a 'peculiar and appropriate meaning' must be construed according to that meaning." ***Id.***, *quoting* 1 Pa.C.S.A. § 1903(a). Also, we presume that our Supreme Court "does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S.A. § 1922(1). We note that whether a statewide rule and local rule conflict is a pure question of law; therefore our standard of review is *de novo* and our scope of review is plenary. ***Baker***, ***supra*** at 165 n.3.

Pennsylvania Rule 1005 provides as follows.

### Rule 1005. Pretrial Application for Relief

(A) All pretrial applications for relief including those for suppression of evidence may be made orally or in writing. If in writing, a copy of the application shall be submitted prior to trial to the attorney for the Commonwealth.

(B) Pretrial applications shall be heard on the day set for trial immediately prior to the trial. If the decision is adverse to the Commonwealth, the Court shall grant the Commonwealth a continuance upon motion of the attorney for the Commonwealth to give the attorney for the Commonwealth the opportunity to take an appeal.

(C) **The Commonwealth's appeal shall be taken not later than 30 days from the date of the decision on the pretrial application.**

Pa.R.Crim.P. 1005 (emphasis added).  Conversely, Philadelphia Rule 630 provides as follows.

> **Rule 630. Application to Suppress Evidence in Municipal Court Cases**
>
> **(A)** The defendant or his attorney may make application to the Municipal Court to suppress any evidence alleged to have been obtained in violation of the defendant's constitutional rights.
>
> …
>
> **(I)** If the application to suppress heard pretrial in the Municipal Court is granted, the Court shall grant the Commonwealth a continuance upon motion of the Attorney for the Commonwealth to give the Attorney for the Commonwealth the opportunity to take an appeal.
>
> **(J) The Commonwealth's appeal shall be taken not later than 15 days from the date of the decision of the Application to Suppress to the Common Pleas Court.  Such appeal shall be limited to a review of the record of the hearing heard on the day set for Municipal Court trial.**

Phila.R.Crim.P. 630 (emphasis added).

Pennsylvania Rule 1000(A) notes that all rules in Chapter 10 of the Pennsylvania Rules of Criminal Procedure "govern all proceedings in the Philadelphia Municipal Court, including summary cases; Municipal Court cases, as defined in Rule 1001(A); **the filing of appeals from Municipal Court cases**; the filing of petitions for writs of *certiorari*; and the preliminary proceedings in criminal cases charging felonies[.]" ***Id.*** at 1000(A) (emphasis added).  Pennsylvania Rule 1000(B) states that "[a]ny

- 7 -

procedure that is governed by a statewide Rule of Criminal Procedure that is not specifically covered in Chapter 10 or by a Philadelphia local rule authorized by these rules and adopted pursuant to Rule 105 shall be governed by the relevant statewide rule." ***Id.*** at 1000(B).

Appellant argues that Pennsylvania Rule 1005 and Philadelphia Rule 630(J) do not conflict as Pennsylvania Rule 1005(C), which gives the Commonwealth 30 days to appeal "from the date of the decision on the pretrial application[,]" does not apply to suppression motions. Pa.R.Crim.P. 1005(C); Appellant's Brief at 11-12. In Appellant's view, because Pennsylvania Rule 1005(A)'s text refers to "[a]ll pretrial applications for relief including those for suppression of evidence" but Pennsylvania Rule 1005(C)'s text only refers to "pretrial application[s,]" Pennsylvania Rule 1005(C)'s filing period does not apply to Commonwealth appeals from suppression orders. Therefore, Appellant argues, Philadelphia Rule 630(J) is permitted to fill in this gap. Pa.R.Crim.P. 1005(A), 1005(C); Appellant's Brief at 14. The Commonwealth counters that it would have been superfluous for our Supreme Court to state that suppression orders are included in Pennsylvania Rule 1005(C)'s filing deadline when it defined

"pretrial applications" as including suppression orders in Pennsylvania Rule 1005(A).[5] Commonwealth's Brief at 11.

After careful consideration, we conclude Pennsylvania Rule 1005(C) controls. As noted above, Pennsylvania Rule 1005(A) frames its subject matter as "pretrial applications for relief including those for suppression of evidence[.]" Pa.R.Crim.P. 1005(A). We agree with the Commonwealth that the common sense reading is that our Supreme Court intended for suppression motions to be included in the term "pretrial applications" for the purposes of Pennsylvania Rule 1005 in its entirety. Essentially, Pennsylvania Rule 1005(A)'s text operates as a definition in this regard. Once Rule 1005(A) established said definition, it was unnecessary for our Supreme Court to repeat in subsections (B) and (C) the term "pretrial applications for relief including those for suppression of evidence[.]" *Id.* To do so would have been superfluous. *See generally Wilson*, *supra*. Therefore, we hold that Philadelphia Rule of Criminal Procedure 630(J) is void and

---

[5] We reject the Commonwealth's argument that we should ignore Appellant's jurisdictional argument as a "red herring" and affirm on the merits of the underlying Fourth Amendment question. Commonwealth's Brief at 12. If Appellant were correct that Philadelphia Rule 630(J)'s filing period controlled, that would mean the trial court was divested of jurisdiction to consider the Commonwealth's appeal and the municipal court's suppression order should have controlled. Therefore, Appellant would be entitled to relief on this basis alone, **regardless** of whether the municipal court's order was correct on its merits.

unenforceable.[6]  As a result, the Commonwealth's appeal was timely, and the trial court did have jurisdiction to consider its appeal from the municipal court's suppression order.  Appellant is accordingly not entitled to relief on his first issue.

In Appellant's second issue, he argues that the trial court erred in reversing the municipal court's suppression order.  Specifically, he avers the police lacked reasonable suspicion of criminal activity or a violation of the Motor Vehicle Code to stop his car.  Appellant's Brief at 21.  However, before we may address the merits of this argument, we must first consider the Commonwealth's argument that Appellant waived this issue when he filed an appeal for a trial *de novo* instead of a petition for a writ of *certiorari* in the trial court.  Commonwealth's Brief at 6-8.

As noted above, Rule 1006 states that a defendant has the right "to file a petition for a writ of *certiorari* within 30 days without costs or to appeal for trial *de novo* within 30 days without costs[.]"  Pa.R.Crim.P. 1006(1)(a).

_____

[6] One additional consideration leads us to the conclusion that Pennsylvania Rule 1005(C) controls.  As we concluded above, the requirement that the Commonwealth timely file its notice of appeal is jurisdictional.  Therefore, Pennsylvania Rule 1005(C) represents a mandate from our Supreme Court that the Commonwealth must have 30 days to invoke the jurisdiction of the trial court.  **See generally id.** at 1005(C) (stating, "[t]he Commonwealth's appeal shall be taken not later than 30 days from the date of the decision on the pretrial application[]").  In our view, Philadelphia may not curtail the jurisdictional rules set by our Supreme Court.  **See, e.g.**, **Commonwealth v. Keller**, 477 A.2d 523, 526 (Pa. Super. 1984) (stating, "we will not utilize a local rule in such a way as to render the provisions of [a Rule of Criminal Procedure] meaningless[]").

Our cases have unequivocally stated that a defendant may not seek both a writ of *certiorari* and a trial *de novo*. **Commonwealth v. Beaufort**, 112 A.3d 1267, 1269 (Pa. Super. 2015). This Court has recently explained the difference between the two methods of appeal from the municipal court.

> An appellant convicted in Philadelphia's Municipal Court has two appellate options.
>
> > Pennsylvania Rule of Criminal Procedure 1006(1)(a) provides that a defendant convicted in Philadelphia Municipal Court has the right to request either a trial *de novo* or file a petition for a writ of *certiorari* with the Philadelphia Court of Common Pleas. This Court has held that when a defendant files a petition for a writ of certiorari, the Philadelphia Court of Common Pleas sits as an appellate court.
>
> **Commonwealth v. Coleman**, 19 A.3d 1111, 1118–[11]19 (Pa. Super. 2011) (citations omitted). "A trial *de novo* gives the defendant a new trial without reference to the Municipal Court record; a petition for writ of *certiorari* asks the Common Pleas Court to review the record made in the Municipal Court." [**Menezes**, **supra** at 207 n.2].

*Id.* This Court held in **Coleman**, that a defendant is legally required to raise all claims in a writ of *certiorari* pertaining to the proceedings in the municipal court, or they will be considered waived on appeal. **See Coleman**, **supra** (concluding that the defendant waived his claim that the evidence was insufficient in the municipal court for conviction where he failed to raise said claim in a *certiorari* petition in the trial court).

However, the procedural posture of this case leads us to conclude that Appellant has not waived this issue. Here, Appellant litigated his suppression motion in the municipal court and the municipal court granted the same. However, the Commonwealth successfully appealed the municipal court's order to the trial court, which resulted in its reversal.[7] Therefore, Appellant was legally **prohibited** from asking the trial court to overrule another judge of the same trial court. *See generally Commonwealth v. Turner*, 73 A.3d 1283, 1286 (Pa. Super. 2013) (stating, "[j]udges of coordinate jurisdiction sitting in the same case should not overrule each other's decisions. This rule, known as the coordinate jurisdiction rule, is a rule of sound jurisprudence based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency[]") (citations omitted), *appeal denied*, 91 A.3d 162 (Pa. 2014). In our view, it would be unfair to require a defendant to otherwise forfeit his right to a trial *de novo* in the trial court in order to ask the trial court to do something it unequivocally lacked the power to do. Based on these considerations, under the facts of this case, we hold that where the Commonwealth successfully appeals a municipal court order granting a motion to suppress in the trial

_____

[7] We also observe that Appellant could not appeal the trial court's order at this juncture as it was interlocutory. *Commonwealth v. Rosario*, 648 A.2d 1172, 1174-1175 (Pa. 1994). Our Supreme Court, however, has noted that a defendant may seek an interlocutory appeal by permission to this Court. *Id.*; *see also generally* Pa.R.A.P. 312.

court, the defendant, in order to preserve the issue for appellate review, is not required to re-raise the suppression issue in a petition for a writ of *certiorari* in the trial court. As a result, Appellant's claim is not waived and we may address it on the merits.

Our well-established standard of review over challenges to the denial of suppression motions is as follows.

> We may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. An appellate court, of course, is not bound by the suppression court's conclusions of law.

**Commonwealth v. Gary**, 91 A.3d 102, 106 (Pa. 2014) (citation omitted). In this case, as noted above, Appellant argues that the police lacked the reasonable suspicion of a violation of the Motor Vehicle Code or other criminal activity, rendering the seizure unconstitutional. Appellant's Brief at 21. The Commonwealth counters that because the officer observed Appellant's trunk unsecured, this alone provided a sufficient basis for the traffic stop; therefore, Appellant's constitutional rights were not violated. Commonwealth's Brief at 15.

> The Fourth Amendment of the Federal Constitution provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated …." U.S. Const. amend. IV. Likewise, Article I, Section 8 of the Pennsylvania

- 13 -

Constitution states, "[t]he people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures …."  Pa. Const. Art. I, § 8.

*Commonwealth v. Carter*, 105 A.3d 765, 768 (Pa. Super. 2014) (*en banc*), *appeal denied*, 117 A.3d 295 (Pa. 2015).    Section 6308(b) of the Motor Vehicle Code requires that an officer have reasonable suspicion to support a traffic stop in order to gather information necessary to enforce the Motor Vehicle Code provision.  *Commonwealth v. Landis*, 89 A.3d 694, 702 (Pa. Super. 2014); *accord* 75 Pa.C.S.A. § 6308(b).

> It is axiomatic that to establish reasonable suspicion, an officer "must be able to articulate something more than an inchoate and unparticularized suspicion or hunch."  *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (internal quotation marks and citation omitted).  …  A suppression court is required to "take[] into account the totality of the circumstances—the whole picture."  *Navarette*, *supra* (internal quotation marks and citation omitted).  When conducting a *Terry* analysis, it is incumbent on the suppression court to inquire, based on all of the circumstances known to the officer *ex ante*, whether an objective basis for the seizure was present.  *Adams v. Williams*, 407 U.S. 143, 146 (1972).

*Carter*, *supra* at 768-769.

Instantly, the Commonwealth argues that the traffic stop was justified under Section 4107(b)(2) of the Motor Vehicle Code, which provides as follows.

### § 4107. Unlawful activities

…

- 14 -

**(b) Other violations.--**It is unlawful for any person to do any of the following:

…

(2) Operate, or cause or permit another person to operate, on any highway in this Commonwealth any vehicle or combination which is not equipped as required under this part or under [D]epartment [of Transportation] regulations or when the driver is in violation of department regulations or the vehicle or combination is otherwise in an unsafe condition or in violation of department regulations.

75 Pa.C.S.A. § 4107(b)(2). Furthermore, the Department of Transportation regulations that govern trunks of cars provide the following.

**§ 175.77. Body.**

(a) *Condition of body.* All items on the body shall be in safe operating condition as described in § 175.80 (relating to inspection procedure).

…

**§ 175.80. Inspection procedure.**

(a) *External inspection*. An external inspection shall be performed as follows:

…

(6) Check fenders, hood and trunk lid and reject if one or more of the following apply:

…

(iv) The trunk lid is not present or does not close securely.

67 Pa. Code §§ 175.77(a), 175.80(a)(6)(iv).

In this case, Officer Alvina McClain of the Philadelphia Police Department testified that on October 6, 2012, at approximately 2:30 p.m., she was on a tour of duty that included the area around 600 Stenton Avenue. N.T., 4/11/13, at 5. Officer McClain was at the intersection of Stenton Avenue and Haines Avenue when she observed a vehicle traveling northbound on Stenton with its trunk open. *Id.* at 6. Specifically, "the trunk was bouncing up and down." *Id.* Officer McClain believed she was in a high-crime area and she was not "sure whether or not a crime had occurred and the person didn't get [a] chance to close the trunk or if he maybe hit the trunk open button and didn't realize it[.]" *Id.* Officer McClain pulled the vehicle over. *Id.* At the suppression hearing, Officer McClain identified Appellant as the driver. *Id.* at 5, 7-8.

After careful review of the certified record, we conclude Appellant is not entitled to relief. As summarized above, Officer McClain personally observed Appellant's vehicle driving down a street with its trunk "bouncing up and down." *Id.* at 6. In our view, this alone was sufficient for Officer McClain to suspect that the trunk lid was not in working order pursuant to Sections 175.77 and 175.80, as the latch may not have been working properly, this being "an unsafe condition." 75 Pa.C.S.A. § 4107(b)(2). We stress that the Fourth Amendment did not require that Office McClain be correct or even certain in her suspicion. *See Navarette v. California*, 134 S. Ct. 1683, 1687 (2014) (stating that reasonable suspicion "is considerably

less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause[]") (internal quotation marks and citation omitted). Therefore, Officer McClain did have reasonable suspicion that a violation of Section 4107(b)(2) of the Motor Vehicle Code was occurring in her presence. As a result, Appellant's Fourth Amendment rights were not violated by the traffic stop in this case.[8] *See Gary*, *supra*.

To summarize, we hold that the requirement for the Commonwealth to file a timely notice of appeal to the trial court from a municipal court suppression order is jurisdictional in nature. However, we also hold that Philadelphia Local Rule of Criminal Procedure 630(J) is void and unenforceable as it conflicts with Pennsylvania Rule of Criminal Procedure 1005(C). In addition, we conclude that Appellant did not waive his suppression issue by not seeking a writ of *certiorari* to the trial court where the Commonwealth had already successfully appealed the same issue to the trial court. Finally, we also conclude that Appellant's underlying Fourth Amendment challenge is devoid of merit. Accordingly, for all of the aforementioned reasons, the trial court's July 18, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

_____

[8] To the extent our legal reasoning differs from the trial court's, we note that as an appellate court, we may affirm on any legal basis supported by the certified record. **Commonwealth v. Clemens**, 66 A.3d 373, 381 n.6 (Pa. Super. 2013) (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/6/2015</u>