J-S68023-15

2015 PA Super 243

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
            Appellant     :
:
           v.               :
:
LAMAR J.J. RICHARDS,      :
:
           Appellee     :  No. 1692 EDA 2014

Appeal from the Order entered April 30, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. MC-51-CR-0054419-2011

BEFORE: BENDER, P.J.E., DONOHUE and MUNDY, JJ.

OPINION BY DONOHUE, J.: **FILED NOVEMBER 20, 2015**

The Commonwealth of Pennsylvania ("the Commonwealth") appeals from the April 30, 2014 order entered by the Philadelphia County Court of Common Pleas (the "trial court") dismissing as moot its appeal from the municipal court's decision granting the motion to suppress filed by Lamar J.J. Richards ("Richards"). The trial court dismissed the Commonwealth's appeal because while the appeal was pending, the municipal court nol prossed the charges against Richards at the Commonwealth's request. The Commonwealth contends that Rule 1701 of the Pennsylvania Rules of Appellate Procedure divested the municipal court of jurisdiction over the matter once the Commonwealth filed its petition for writ of certiorari before the trial court. Upon review, we conclude that Rule 1701 was inapplicable to the proceedings below and therefore affirm.

On December 28, 2011, Philadelphia police arrested Richards for driving under the influence of a controlled substance. Before proceedings began in the Philadelphia Municipal Court, Richards filed a suppression motion. On November 18, 2013, the municipal court judge granted Richards' motion and scheduled a status hearing for December 27, 2013. On December 6, 2013, the Commonwealth filed an appeal from the grant of suppression by petition for certiorari to the trial court.

At the December 27, 2013 status hearing, the Commonwealth withdrew the charges against Richards. The criminal docket states: "No appeal taken. Commonwealth motion to withdraw all charges." The docket also notes the presence of representatives from the Office of the District Attorney and the Office of the Public Defender. Criminal Docket at 7; *see also* Trial Disposition and Dismissal Form, 12/27/13.

Thereafter, a hearing on the Commonwealth's petition for certiorari was continued twice, on March 12, 2014 and April 14, 2014. The case finally came before the trial court on April 30, 2014, at which time counsel for Richards alerted the trial court that the Commonwealth had withdrawn the charges before the municipal court, and asserted that this rendered the petition for certiorari moot. The attorney representing the Commonwealth was unaware that the charges had been withdrawn, but argued that because the petition for certiorari was timely and the Commonwealth requested the withdrawal of the charges thereafter, "whatever they did [before the

municipal court judge following the filing of the petition for certiorari] is irrelevant." N.T., 4/30/14, at 4. The trial court agreed with Richards and dismissed the appeal.

The Commonwealth filed a timely motion for reconsideration, which the trial court denied on May 1, 2014. On May 30, 2014, the Commonwealth filed its notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). It raises one issue for our review: "Did the [trial court] improperly refuse to entertain the Commonwealth's timely appeal from the [m]unicipal [c]ourt's order of suppression where the mistaken nolle prosequi of the charges in the [m]unicipal [c]ourt after the filing of the notice of appeal was a legal nullity that did not terminate the appeal?" Commonwealth's Brief at 4 (italicization omitted). This presents a question of law for which our scope of review is plenary and our standard of review is de novo. *Commonwealth v. Taylor*, 120 A.3d 1017, 1021 (Pa. Super. 2015).

Prior to reviewing the merits of this issue, we must first address Richards' contention that we lack jurisdiction over this matter because the Commonwealth failed to file a timely appeal from the municipal court's suppression order. Richards' Brief at 9-20. Relying on Rule 630(J) of Philadelphia's Local Rules of Criminal Procedure, Richards contends that the Commonwealth only had fifteen days to file its appeal from the municipal court's decision. *Id.* at 9, 17; *see also* Phil.Co.R.Crim.P. 630(J) ("The

Commonwealth's appeal shall be taken not later than 15 days from the date of the decision of the [a]pplication to [s]uppress to the Common Pleas Court. Such appeal shall be limited to a review of the record of the hearing heard on the day set for [m]unicipal [c]ourt trial."). The Commonwealth asserts that Philadelphia Rule 630(J) is invalid because it conflicts with Rule 1005 of the Pennsylvania Rules of Criminal Procedure, which grants the Commonwealth thirty days to appeal from a suppression order entered in the municipal court. Commonwealth's Brief at 16-22; **see also** Pa.R.Crim.P. 1005(C) ("The Commonwealth's appeal shall be taken not later than 30 days from the date of the decision on the pretrial application.").

Subsequent to the completion of briefing in the case at bar, this Court decided this very issue in **Commonwealth v. Williams**, __ A.3d __, 2015 WL 5810631 (Pa. Super. Oct. 6, 2015). Based upon the Rules of Statutory Construction and the requirement that "local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly," the Court found that "Pennsylvania Rule 1005(C) controls." **Id.** at **2, 4 (citing Pa.R.Crim.P. 105(B); **Commonwealth v. Reyes**, 611 A.2d 190, 193 (Pa. 1992)). The **Williams** Court therefore held "that Philadelphia Rule of Criminal Procedure 630(J) is void and unenforceable." **Id.** at *4.

In the case before us, it is uncontested that the Commonwealth filed its petition for writ of certiorari to the trial court within thirty days of the

- 4 -

municipal court's suppression order. Therefore, pursuant to Pa.R.Crim.P. 1005(C), its appeal to the trial court was timely.

We now turn to the issue raised on appeal. The Commonwealth argues that pursuant to Rule 1701 of the Pennsylvania Rules of Appellate Procedure and cases relying thereon, the municipal court did not have jurisdiction over the matter following the Commonwealth's appeal of the suppression order to the trial court. Commonwealth's Brief at 10-14. On that basis, the Commonwealth states that the municipal court's act of nol prossing the charges against Richards was "a legal nullity." *Id.* at 14. Richards asserts that the Commonwealth's argument fails, as the Rules of Appellate Procedure do not apply to appeals from the municipal court to the trial court. Richards' Brief at 21-23.

Rule 103 of the Rules of Appellate Procedure defines the scope of the Rules, and states: "These rules govern practice and procedure in the Supreme Court, the Superior Court and the Commonwealth Court, including procedure in appeals to such courts from lower courts and the procedure for direct review in such courts of determinations of government units." Pa.R.A.P. 103. We interpret the Rules of Appellate procedure pursuant the Statutory Construction Act. Pa.R.A.P. 107. Under the Statutory Construction Act, if the words of a rule "are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). Furthermore,

> [a]n intrinsic aid to statutory construction is found in the maxim [e]xpressio unius est exclusio alterius. The maxim establishes the inference that, where certain things are designated in a statute, all omissions should be understood as exclusions. The maxim is one of longstanding application, and it is essentially an application of common sense and logic.

*Commonwealth v. Charles*, 411 A.2d 527, 530 (Pa. Super. 1979) (citation omitted).

Rule 103 conspicuously excludes the Court of Common Pleas from its list of courts governed by the Rules of Appellate Procedure. This is so despite the fact that the Court of Common Pleas serves in an appellate capacity in various cases, including cases, such as the one at bar, involving the review of a petition for writ of certiorari. *See, e.g., Commonwealth v. Coleman*, 19 A.3d 1111, 1119 (Pa. Super. 2011) ("when a defendant files a petition for a writ of certiorari, the Philadelphia Court of Common Pleas sits as an appellate court"); *Trombetta v. Raymond James Fin. Servs., Inc.*, 907 A.2d 550, 573 (Pa. Super. 2006) ("In reviewing an arbitration award, the trial court, in this posture, sits as an appellate court."); *Gresock v. City of Pittsburgh Civil Serv. Comm'n*, 698 A.2d 163, 166 (Pa. Commw. Ct. 1997) (stating that the Court of Common Pleas sits as an appellate court when reviewing the decision of a local agency).

Moreover, although not binding upon this Court, the Commonwealth Court has determined that the common pleas courts are not necessarily

bound by the Rules of Appellate Procedure. ***See City of Pittsburgh v. Kisner***, 746 A.2d 661, 664 (Pa. Commw. Ct. 2000) (holding that, pursuant to the plain language of Rule 103, the Rules of Appellate Procedure "do not apply to a court of common pleas vested with jurisdiction to decide an appeal from local agency adjudication unless that court has specifically adopted the Rules"); ***see also Official Court Reporters of Court of Common Pleas of Philadelphia Cnty. v. Pennsylvania Labor Relations Bd.***, 467 A.2d 311, 321 (Pa. 1983) (Roberts, C.J., concurring) ("[The] Rules of Appellate Procedure expressly apply only to the 'practice and procedure in the Supreme Court, the Superior Court and the Commonwealth Court ...,' Pa.R.A.P. 103, and not to the courts of common pleas, which are vested with jurisdiction over appeals from orders of the PLRB entered under Act 195").

We find this interpretation of Rule 103 persuasive because, for purposes of the issue raised, there is no discernable difference between an appeal from a local agency decision and a petition for certiorari from a decision of the Philadelphia Municipal Court. In both instances, the trial court is sitting as an appellate court, confined to reviewing the record developed in the adjudicative proceeding from which the appeal is taken. ***Compare, e.g., Kisner***, 746 A.2d at 665 ("The role of a trial court exercising its appellate function in reviewing a complete record developed in a local agency proceeding is limited to determining whether the record contains substantial evidence supporting the determinations of the trier of

fact, whether the procedure before the agency was contrary to statute, whether constitutional rights were violated or whether an error of law was committed.") **with Williams**, 2015 WL 5810631, at \*4 ("a petition for writ of certiorari asks the Common Pleas Court to review the record made in the Municipal Court").

Therefore, pursuant to the plain language of Rule 103, we conclude that the Rules of Appellate Procedure do not apply to a court of common pleas acting in its role as an appellate court deciding a petition for writ of certiorari unless that court expressly adopted these Rules. The Commonwealth does not provide any authority, and our research has likewise revealed none, to suggest that the Philadelphia County Court of Common Pleas adopted the Pennsylvania Rules of Appellate Procedure. Thus, Rule 1701 of the Pennsylvania Rules of Appellate Procedure, upon which the Commonwealth exclusively relies, did not operate to divest the municipal court of jurisdiction over Richards' case while the Commonwealth's petition for writ of certiorari was pending before the trial court. As the Commonwealth has provided no other argument in support of its claim of error, we affirm the decision of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/20/2015</u>