J-A13014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF EDWARD L. IRWIN, JR., ALSO KNOWN AS EDWARD L. IRWIN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ROXANNE ROTHBERGER | No. 1125 WDA 2015 |

Appeal from the Order Entered June 5, 2015
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): 2003 of 2013

BEFORE: OLSON, STABILE AND MUSMANNO, JJ.:

MEMORANDUM BY OLSON, J.: **FILED NOVEMBER 15, 2016**

Roxanne Rothberger (Daughter), as trustee for the Edward L. Irwin Special Needs Trust (the Trust), appeals from the June 5, 2015 order terminating the Trust.[1] In this case, we are presented with the limited question of whether a trust established pursuant to 20 Pa.C.S.A. § 5602 terminates automatically upon the principal's death. The trial court concluded that, based upon the language of the Trust instrument, the Trust terminated automatically upon Edward L. Irwin Jr.'s (Decedent's) death. Our review of the Trust instrument reveals this conclusion was in error. Nonetheless, we conclude, for the reasons set forth below, that a section

---

[1] The June 5, 2015 order became final on June 29, 2015 when the trial court denied Daughter's exceptions.

J-A13014-16

5602 trust automatically terminates upon the principal's death.[2] Our disposition of this limited issue doesn't fully resolve this litigation because whether a trustee maintains authority under the Uniform Trust Act, 20

---

[2] Throughout the briefing in this case, the parties conflate a special needs trust with a trust established under section 5602. As the Supreme Court of New Jersey explained:

> A special needs trust is a trust that is intended to allow a disabled individual to maintain eligibility for certain needs-based government benefits. The use of special needs trusts to protect eligibility for government benefits was first authorized by Congress when it passed the federal Omnibus Budget Reconciliation Act of 1993 (OBRA '93). OBRA '93 identified certain types of trusts into which disabled individuals, or persons acting on behalf of such individuals, can place assets without those assets becoming available assets for purposes of determining Medicaid eligibility. One such trust is what is known as a special needs trust. **See** 42 U.S.C. § 1396p(d)(4)(A). In 1999, Congress extended the protections afforded by the use of a special needs trust, finding that the contents of that type of trust are not considered resources or assets for purposes of determining eligibility for S[upplemental Security Income].

**J.B. v. W.B.**, 73 A.3d 405, 414 (N.J. 2013) (internal quotation marks, footnote, and certain internal citations omitted).

A trust created pursuant to section 5602, on the other hand, is a trust created by an agent pursuant to a power-of-attorney executed by the principal. Only a very small subset of section 5602 trusts are also special needs trusts. **Cf.** 42 U.S.C. § 1396p(d)(4)(A) (a special needs trust must be formed by a "parent, grandparent, legal guardian of the individual, or a court" and the principal must be under 65 years old).

In this case, Decedent was over 65 years old when the Trust was created. Thus, it failed to satisfy the requirements for a special needs trust. **See In re Pooled Advocate Trust**, 813 N.W.2d 130, 142 (S.D. 2012). In order to avoid confusion, we do not use the (incorrect) terminology used by the parties. Instead, we refer to the Trust at issue herein as a section 5602 trust.

- 2 -

Pa.C.S.A. § 7701 *et seq*. (which governs the administration of an express trust like the one at issue in this case), is a separate and distinct issue from whether the section 5602 trust terminates upon the principal's death. Accordingly, we affirm the trial court's order terminating the Trust and remand for further proceedings consistent with this memorandum.

The factual background and procedural history of this case is as follows. On May 5, 2009, Decedent executed a financial power-of-attorney and named one of his sons, Edward L. Irwin, III (Edward), as his agent. Decedent named another son, David Irwin (David), as his successor agent. Eventually, Daughter, Edward, and David engaged in litigation relating to how Edward and David exercised the power-of-attorney. The parties ultimately settled their dispute by establishing the Trust for Decedent's benefit. The Orphans' Court of Allegheny County approved the parties' settlement and the creation of the Trust. The Trust was funded by two demand notes – one signed by Edward and one signed by David.[3] Robert Lemons (Lemons), the Trust's original trustee, did not immediately collect on the demand notes.

---

[3] Edward's demand note was for $15,000.00 at an annual interest rate of 0.22% while David's demand note was for $60,000.00 at an annual interest rate of 0.22%. Both demand notes were payable upon demand of the trustee during Decedent's lifetime and became immediately payable upon Decedent's death. Furthermore, both demand notes included provisions permitting the trustee to confess judgment on the demand notes.

On March 14, 2013, Decedent died. On April 2, 2013, prior to the issuance of letters testamentary, Lemons, on behalf of the Trust, filed a complaint seeking confession of judgment against David. Judgment was entered against David, and in favor of the Trust. Thereafter, letters testamentary were issued naming Edward as executor of Decedent's estate. On April 5, 2013, Edward and Lemons entered into an agreement in which Edward agreed to pay $15,012.03 to the Trust on or before April 10, 2013 to satisfy Edward's demand note. Edward also agreed to pay $68,885.92 of David's inheritance directly to the Trust in order to satisfy the judgment entered against David. Despite these arrangements, Edward did not make the payments required by the April 5 arrangement.

On January 13, 2014, Edward and Lemons entered into an agreement whereby Lemons agreed to accept a payment of $2,500.00 in order to fully satisfy Edward's obligation to the Trust. Lemons also "agree[d] to enter into a settlement agreement with the Estate and the beneficiaries of the Estate and the Trust, in lieu of the formal administration of the Trust and a First and Final Account submitted to the Court on the Trust's behalf." Daughter's Proposed Findings of Fact and Conclusions of Law, 3/30/15, at Ex. 6.

Immediately after signing the January 13 agreement, Lemons resigned as trustee and Daughter was appointed as successor trustee. On October 14, 2014, Daughter served David with a notice of intent to execute on the confessed judgment. On November 17, 2014, David filed a petition seeking

to strike or open the confessed judgment. Daughter filed an answer to the petition which included new matter. On December 23, 2014, David filed a petition to terminate the Trust. On June 5, 2015, the trial court entered an order terminating the Trust and staying further proceedings relating to the execution. Daughter filed exceptions which were denied on June 29, 2015. This timely appeal followed.[4]

Daughter presents one issue for our review:

> Whether the [trial] court committed an error in law and abused [its] discretion by terminating [the] Trust based upon findings of fact that were unsupported by substantial evidence, by relying upon language that cannot be found in the [document creating the] Trust and in effect directing the distribution of Trust assets in violation of both the Trust language and the applicable law?

Daughter's Brief at 4.

Daughter's lone issue on appeal requires us to interpret the instrument used to create the Trust. Our standard of review of a trial court's order interpreting a trust instrument is *de novo* and our scope of review is plenary. *See Scalfaro v. Rudloff*, 934 A.2d 1254, 1257 n.2 (Pa. 2007) (citation omitted). As this Court has stated:

> When interpreting a trust instrument, the intent of the settlor is paramount and if that intent is not unlawful, it must prevail. To ascertain this intent, a court must examine the language of the document, the scheme of distribution, and the facts and the circumstances existing at the creation of the trust. The settlor's intent must be determined with such reasonable certainty that little doubt exists of this intent. If the settlor's intent remains

---

[4] The trial court did not order Daughter to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b).

- 5 -

uncertain, a court turns to canons of construction to supply the settlor's likely intent.

***Trust Agreement of Cyrus D. Jones Dated June 24, 1926***, 607 A.2d 265, 268 (Pa. Super. 1992) (citations omitted).

The trial court found that pursuant to the express language of the Trust instrument, the Trust terminated immediately upon Decedent's death. The portion of the Trust instrument relied upon by the trial court states:

<u>Paragraph VI Termination</u>

A. <u>Beneficiary's Death</u>: Upon [Decedent's] death, the Trustee may pay any death taxes due by reason of [Decedent's] death regarding assets passing in accordance with the provisions contained in this Agreement or otherwise, and all expenses of her [sic] last illness, funeral and burial, and expenses related to administration and distribution of the Trust Estate, if, in the Trustee's sole and absolute discretion, other provisions have not been made for the payment of such expenses.

The Trustee is hereby authorized to make all decisions necessary for and incident to the removal, transportation, and disposition of [Decedent's] remains and the performance of a funeral or memorial service, after consulting with other members of the family.

The Trustee shall make no payments for expenses incurred prior to [Decedent's] death if the Trustee shall determine, in said Trustee's sole and absolute discretion, that payment therefore is the obligation of any county, state, federal or other governmental agency which has a legal responsibility to serve persons with disabilities which are the same or similar to [Decedent's].

Upon termination of this Special Needs Trust due to [Decedent's] death, the Trustee shall distribute the remaining Trust Estate to [Edward, David, Daughter,] John Paul Irwin, Edythe Irwin, and Margaret Sympson, in equal shares, per stirpes.

David's Petition to Terminate the Trust, 12/23/14, at Ex. B.

The trial court apparently relied upon the sentence that states, "Upon termination of this Special Needs Trust due to [Decedent's] death . . ." in determining that the Trust terminated immediately upon Decedent's death. The trial court's reading fails to consider the remainder of the section on termination of the Trust. Specifically, the first paragraph states that upon Decedent's death the trustee is authorized to pay death taxes. It would not be possible for the trustee to use trust assets to satisfy death taxes if the Trust terminated immediately upon Decedent's death.[5] Therefore, the plain language of the Trust instrument indicates that the Trust was not intended to terminate upon Decedent's death.

Not only does the plain language of the Trust instrument refute the trial court's conclusion, the facts and circumstances existing at the creation of the Trust support a finding that the Trust was not meant to terminate upon Decedent's death. As noted above, the demand notes signed by Edward and David, which funded the Trust, were executed together with the Trust instrument in order to resolve pending litigation. Thus, they are key

---

[5] Pursuant to section 5603, "upon the principal's death, any remaining balance of corpus and unexpended income of the trust shall be distributed to the deceased principal's estate." 20 Pa.C.S.A. § 5603(b)(1). In this case, the Trust instrument provided that, upon Decedent's death, the trustee expend the corpus and unexpended income for: (1) payment of trust expenses; (2) payment of funeral expenses; (3) payment of costs associated with Decedent's last illness; and (4) payment of death taxes. At least some of these expenses may be paid from the Trust's corpus and income after the Trust terminates pursuant to the Uniform Trust Act. *Cf.* 20 Pa.C.S.A. § 7780.7 (permitting a trustee to withhold from a trust distribution a reasonable reserve for the payment of expenses and debts).

facts and circumstances evidencing the Trust's purpose. Although the demand notes signed by Edward and David were payable at any time, they provided that, upon Decedent's death, the notes would be immediately payable to the Trust. David's Petition to Terminate the Trust, 12/23/14, at Ex. C. Such a provision would not make sense if the Trust terminated immediately upon Decedent's death. Thus, based upon the plain language of the Trust instrument and the surrounding facts and circumstances at the time the Trust instrument was executed, we conclude that the trial court incorrectly relied upon the plain terms of the Trust instrument in concluding that the Trust terminated upon Decedent's death.

Having determined that the trial court erred in finding that the plain language of the Trust instrument terminated the Trust upon Decedent's death, we turn to David's argument that the Trust terminated as a matter of law pursuant to 20 Pa.C.S.A. § 5603(b)(1).[6] As this requires us to interpret a statute, we are guided by the Statutory Construction Act, 1 Pa.C.S.A. § 1501 *et seq*. **See Pennsylvania Pub. Util. Comm'n v. Andrew Seder/The Times Leader**, 139 A.3d 165, 172 (Pa. 2016) (citation omitted). "The object of all statutory interpretation is to ascertain and

---

[6] Daughter waived any argument that David's request for approval of the Trust and its terms before the Orphans' Court (when resolving the litigation relating to Edward and David's use of the power-of-attorney) judicially estops him from advancing this position. **See Westfield Ins. Co. v. Astra Foods Inc.**, 134 A.3d 1045, 1051 (Pa. Super. 2016) (a party may waive a judicial estoppel argument); Pa.R.A.P. 302(a), 2119(a).

effectuate the intention of the General Assembly while also construing each statute to give effect to all of its provisions." ***Conestoga Bank v. Tioga Investments II***, 138 A.3d 652, 656–657 (Pa. Super. 2016). "The best indication of this intent is the plain language of the statute." ***Commonwealth v. Schley***, 136 A.3d 511, 516 (Pa. Super. 2016) (citation omitted).

> Section 5603 provides, in relevant part:
>
> A power "to create a trust for my benefit" shall mean that the agent may execute a deed of trust, designating one or more persons (including the agent) as original or successor trustees and transfer to the trust any or all property owned by the principal as the agent may decide, subject to the following conditions:
>
> (1) The income and corpus of the trust shall either be distributable to the principal or to the guardian of his estate, or be applied for the principal's benefit, and upon the principal's death, any remaining balance of corpus and unexpended income of the trust shall be distributed to the deceased principal's estate.

20 Pa.C.S.A. § 5603(b). David argues that, pursuant to this provision, any trust created by a power-of-attorney immediately terminates upon the principal's death.

We conclude that David's interpretation of section 5603 has merit. The structure of subsection (b)(1) indicates that the trust terminates upon the principal's death. Specifically, the first portion of that subsection states that during the principal's lifetime "[t]he income and corpus of the trust shall either be distributable to the principal or to the guardian of his estate, or be

applied for the principal's benefit." 20 Pa.C.S.A. § 5603(b)(1). The second portion of that subsection provides that "upon the principal's death, any remaining balance of corpus and unexpended income of the trust shall be distributed to the deceased principal's estate." *Id.* Taken together, the fact that the trust's corpus and income must be used for the principal's benefit, and upon the principal's death it must be distributed to the principal's estate, indicates that there is no purpose for a section 5602 trust once the principal dies.

Moreover, under the cannon of *expressio unius est exclusio alterius*, "where certain things are designated in a statute, all omissions should be understood as exclusions." **Commonwealth v. Richards**, 128 A.3d 786, 789 (Pa. Super. 2015). In this case, the statute states that a section 5602 trust's corpus and income be disposed of in a specific manner upon the principal's death, *i.e.*, it is to be distributed to the principal's estate. Thus, other uses which are omitted from this portion of subsection (b)(1) are to be understood as excluded, *i.e.*, using the trust's corpus and income to pay death taxes. Under the Uniform Trust Act, a trust terminates automatically "once no purpose of the trust remains to be achieved[.]" 20 Pa.C.S.A. § 7740(a). As no purpose of a section 5602 trust remains to be achieved upon the principal's death, a section 5602 trust must terminate upon the principal's death.

Daughter argues that, pursuant to 20 Pa.C.S.A. § 7705, the plain language of the trust instrument, which as outlined above does not require automatic termination of the Trust upon Decedent's death, controls over the provisions of section 5603(b)(1). Section 7705 provides that, "Except as provided in subsection (b), the provisions of a trust instrument prevail over any contrary provisions of this chapter." 20 Pa.C.S.A. § 7705(a). This argument is without merit.

Section 7705 confers supremacy upon the express language of a trust instrument over the default provisions of Chapter 77 of the Probate, Estates, and Fiduciaries Code. In this case, however, the Trust was created pursuant to section 5602, which is contained within the Powers of Attorney Chapter of the Probate, Estates, and Fiduciaries Code, Chapter 56. Chapter 56 addresses the situation in which a power-of-attorney creates a trust for a principal who is, in many cases, incapacitated. Chapter 56 limits the authority of a power-of-attorney to set up a trust for the principal's benefit. Section 5603 only authorizes a power-of-attorney to create a trust which automatically terminates upon the principal's death. Furthermore, section 5603(b)(1) requires that all income and corpus of such a trust be used for the principal's benefit or transferred to the principal's estate upon his or her death. Thus, although the express terms of a trust instrument generally displace the default rules included in Chapter 77, that is true only if the individual who created the trust possessed authority to include that contrary

provision in the trust instrument. *Cf.* 1 Pa.C.S.A. § 1933 ("Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both."). In this case, pursuant to section 5603(b)(1), Daughter (who as Decedent's attorney-in-fact created the Trust for Decedent's benefit[7]) lacked the authority to include a provision in the Trust instrument which permitted the Trust to survive Decedent's death. Accordingly, the specific language of the Trust instrument does not control whether the Trust terminated upon Decedent's death.

For all of these reasons, we conclude that pursuant to section 5603(b)(1), a section 5602 trust terminates automatically upon the principal's death. The attorney-in-fact who executes a trust instrument on behalf of a principal pursuant to section 5602 lacks the authority to include a provision in the trust instrument which permits the trust to outlive the principal. Thus, in this case, paragraph VI of the trust instrument is void inasmuch as it provides that the Trust continued beyond Decedent's death. Instead, the Trust terminated immediately upon Decedent's death.

_____

[7] The record does not reflect how Daughter became Decedent's attorney-in-fact. As noted above, the record reflects that Decedent executed a power-of-attorney as to Edward and David. As no party has raised this issue, we assume for the purposes of this memorandum that Daughter lawfully became Decedent's attorney-in-fact at some point prior to execution of the Trust instrument.

Our foregoing analysis addresses the limited question presented by Daughter. This limited question is separate and distinct from whether Lemon's and/or Daughter's authority as trustee terminated upon Decedent's death. Although we conclude that section 7705 cannot be used to extend the life of a section 5602 trust, many (if not all) of the remaining provisions of the Uniform Trust Act govern the trustee's administration of a section 5602 trust. We decline to address whether Lemons had authority under the Uniform Trust Act to confess judgment on the demand note and whether Daughter has authority to execute on that confessed judgment. Daughter has not raised this question on appeal. *See* Daughter's Brief at 4. Although David includes a version of that question in his counterstatement of the question involved, neither Edward nor David filed a cross-appeal in this case. Moreover, resolution of those issues is not necessary to resolution of the discrete claim brought in Daughter's appeal. The trial court stayed execution proceedings pending our disposition of Daughter's challenge to the termination of the Trust upon Decedent's death. Upon remand, the trial court shall decide, in the first instance, whether Lemons' confession was appropriate and, if so, whether Daughter may execute on the confessed judgment under the Uniform Trust Act.

Order affirmed. Case remanded. Jurisdiction relinquished.

Judge Musmanno joins this memorandum.

Judge Stabile files a Concurring Memorandum in which Judge Olson joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016