FINAL REPORT[1]

*Amendments to Pa.R.Crim.P. 1005, 1006, and 1007*

WRITS OF *CERTIORARI* AND APPEALS
IN THE PHILADELPHIA MUNICIPAL COURT

On November 9, 2017, effective January 1, 2018, upon the recommendation of the Criminal Procedural Rules Committee, the Court amended Rules 1005 (Pretrial Applications for Relief), 1006 (Notice of Right to Appeal or to Petition for *Certiorari*; Guilty Plea Challenge Procedure), and 1007 (Challenge to Guilty Plea) to provide that once a petition for writ of *certiorari* or notice of appeal has been filed in a Philadelphia Municipal Court case, the Municipal Court cannot take further action in the case.

The Committee recently considered the opinion of the Pennsylvania Superior Court in the case of *Commonwealth v. Richards,* 128 A.3d 786 (Pa. Super. 2015), *appeal denied,* 145 A.3d 164 (Pa. 2016). *Richards* involved a defendant charged with DUI of a controlled substance. The Philadelphia Municipal Court granted defendant's motion to suppress and the Commonwealth petitioned for writ of *certiorari* to the Philadelphia Court of Common Pleas. After the petition had been filed, the Commonwealth withdrew the charges at a status hearing in the Municipal Court, apparently by mistake. The Court of Common Pleas subsequently dismissed the appeal as moot. The Commonwealth appealed to the Superior Court on the basis that the Municipal Court should not have approved the withdrawal since Pennsylvania Rule of Appellate Procedure 1701 bars a lower court from conducting proceedings when a case is on appeal. The Superior Court held that the Rules of Appellate Procedure do not apply to a court of common pleas acting in its role as an appellate court deciding a

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also, note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports.*

petition for writ of *certiorari* unless that court expressly adopted such rules. This finding was based on a plain reading of Rule of Appellate Procedure 103 that limits the applicability of those rules to the Supreme, Superior, and Commonwealth Courts.

Rule 1006 provides two options for taking an appeal from a Municipal Court judgment: (1) to request a trial *de novo* before the Common Pleas Court; or (2) to file a petition for writ of *certiorari*, asking the Philadelphia Court of Common Pleas, sitting as an appellate court, to review the record made in the Municipal Court. See *Commonwealth v. Williams*, 125 A.3d 425 (Pa.Super. 2015). A trial *de novo* gives the defendant a new trial without reference to the Municipal Court record while a petition for writ of *certiorari* asks the Common Pleas Court to review the record made in the Municipal Court. Generally, a defendant is required to raise all claims in a writ of *certiorari* pertaining to the proceedings in the Municipal Court, or they will be considered waived on appeal. *Commonwealth v. Coleman*, 19 A.3d 1111 (Pa. Super. 2011).

The specific provision in Rule 1006 related to the filing of a writ of *certiorari* as an option for appeals from the Municipal Court was added in 1996. The Committee provided the rationale for this addition in the *Final Report* from that amendment:

> Several members noted that, although the Philadelphia Public Defender's office utilized petitions for writs of *certiorari* fairly frequently, many members of the private bar apparently were not aware of the continued availability of *certiorari* as an alternative to an appeal for a trial *de novo* in the court of common pleas. We therefore agreed that the rules should expressly provide for this procedure. *Final Report*, 26 *Pa.B.* 989 (March 9, 1996).

This provision had codified the right contained in Article V, Section 26 of the Pennsylvania Constitution, and the Judicial Code, 42 Pa.C.S. § 934.[2]

_____

[2] Article V, Section 26 provides:

> § 26. Writs of *certiorari*.

> Unless and until changed by rule of the Supreme Court, in addition to the right of appeal under section 9 of this article, the judges of the courts of

(continued…)

Pa.R.A.P. 1701 describes the effects on a case when an appeal has been filed. The general rule contained in Pa.R.A.P. 1701(A) states, "Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasi-judicial order is sought, the trial court or other government unit may no longer proceed further in the matter." As the *Richards* case holds, the Rules of Appellate Procedure do not apply to appeals to the court of common pleas.

The Committee concluded that the principle that the Municipal Court cannot act in a matter once a petition for writ of *certiorari* has been filed with the Court of Common Pleas would have to be specifically added to the rules to be effective. The Committee concluded that such a provision prohibiting action by the Municipal Court once an appeal was filed would be advisable to prevent confusion such as occurred in *Richards* where two courts were acting at the same time on the case at cross-purposes.

This provision also is consistent with other rules that prevent cases from moving back and forth between courts of common pleas and the minor judiciary. *See e.g.* Rule 541 (if the right to preliminary hearing is reinstated after defendant waived preliminary hearing, the preliminary hearing must be in common pleas court, unless the parties and judge agree that the issuing authority conduct the preliminary hearing) and Rule 543 (G) (once a case is bound over to the court of common pleas, the case shall not be

---

(…continued)
    common pleas, within their respective judicial districts, shall have power to issue writs of *certiorari* to the municipal court in the City of Philadelphia, justices of the peace and inferior courts not of record and to cause their proceedings to be brought before them, and right and justice to be done.

42 Pa.C.S. § 934 provides:

    Unless and until changed by general rule, the judges of the courts of common pleas, within their respective judicial districts, shall have power, in addition to the right of appeal under section 9 of Article V of the Constitution of Pennsylvania, to issue writs of *certiorari* to the minor judiciary.

remanded to the issuing authority.)  It also is consistent with the general principle that an appeal moves the case from one court to another.

In a case in which an appeal for trial *de novo* has been filed, it is much clearer that any action must be taken by the Court of Common Pleas.  The Committee concluded that these appeals should also be included in the new provision for consistency.  A new paragraph (B) has been added to Rule 1006 stating that once a case has been appealed from the Municipal Court to the Philadelphia Court of Common Pleas, the Municipal Court may no longer take action on that case.

The Committee noted that Pa.R.A.P. 1701(b) contains a list of actions that a trial court may take after an appeal has been filed as exceptions.  The Committee considered whether to incorporate this list into the amendment to Rule 1006.  However, the Committee concluded that few of these exceptions were applicable to the types of cases, *i.e.* summaries and misdemeanors, that would be subject to Rule 1006.  Instead, the phrase "unless otherwise provided in these rules" has been included in the new text to permit procedures likely to be undertaken in Municipal Court case appeals, such as bail modification.

Following an inquiry from the Court subsequent to the publication of the original proposed rule changes, the Committee agreed that the proposed amendment to Rule 1006 should be included in other Municipal Court Rules that provide for appeals.  In particular, this principle was deemed appropriate for Rule 1007, regarding an appeal from the denial of a motion challenging a guilty plea, and for Rule 1005, regarding appeals from pretrial applications for relief.  Therefore, similar language has been added to those two rules.  However, new paragraph (D) of Rule 1005 contains the additional requirement that the Commonwealth has certified in the notice of appeal that the order will terminate or substantially handicap the prosecution.  This language was added to mirror the restriction governing certain Commonwealth appeals under the appellate rules, such as Pa.R.A.P. 311(d), which requires the Commonwealth to certify that a non-final order will terminate or substantially handicap the prosecution.