**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ANTON BRANT BODANZA | : | |
| | : | |
| Appellee | : | No. 1732 MDA 2018 |

Appeal from the Order Entered October 2, 2018
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0001656-2018

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:             **FILED OCTOBER 09, 2019**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Berks County Court of Common Pleas, which granted the motion of Appellee, Anton Brant Bodanza, for a writ of *habeas corpus* and dismissed all charges against him.  We reverse and remand for further proceedings.

The relevant facts and procedural history of this case are as follows.  On March 29, 2018, the Commonwealth charged Appellee with criminal homicide, in connection with the death of Appellee's mother ("Decedent"), who died on June 20, 2017.  Special Agent Michael P. Collins of the Office of Attorney General, Medicaid Fraud Control Section, Care-Dependent Neglect Team, drafted the affidavit of probable cause.  The affidavit of probable cause detailed Agent Collins' investigation and alleged, *inter alia*, that: (1) Appellee was the primary caretaker for Decedent between October 10, 2016 and June

15, 2017; (2) on June 15, 2017, police and emergency medical services ("EMS") responded to Decedent's residence after Decedent's daughter contacted 911 and reported that Appellee had withheld Decedent's prescription medication, Lasix, for two weeks; (3) Appellee told police he withheld the medication because it caused Decedent to urinate more frequently, and Appellee was tired of cleaning up the mess; (4) Dr. Debra Zimmerman was Decedent's primary care physician and educated Appellee on the importance of Decedent's medications on several occasions; (5) Transition-of-Care Nurse Jennifer Mott educated Appellee on the importance of administering Lasix to Decedent to prevent swelling and edema and to help Decedent's heart pump efficiently; (6) Nurse-Case-Manager Nadine Herman reviewed the importance of Decedent's medications with Appellee on multiple occasions, and Appellee admitted during multiple visits that he was not giving Decedent the Lasix because it made her urinate too frequently; (7) Appellee admitted to Agent Collins that Decedent's doctor had discussed with Appellee the necessity of regularly administering Decedent's medications and the purpose of the Lasix; (8) Registered Nurse Erica Smith treated Decedent at Reading Hospital on June 15, 2017; Appellee told Nurse Smith he did not want Decedent to have Lasix because Appellee was "holistic" and did not believe in the medications the hospital was using; (9) the Berks County Office of the Coroner reported that Appellee had withheld Lasix from Decedent, which resulted in her hospitalization, and listed the manner of death as homicide;

and (10) the autopsy report indicated the withholding of Lasix initiated the continuous and unbroken sequence of events and complications, which led to Decedent's death on June 20, 2017. Based on the Commonwealth's charge of homicide generally, the district magistrate initially denied bail.

On April 10, 2018, the parties appeared before the district magistrate for a preliminary hearing. In exchange for the Commonwealth's agreement to amend the criminal charges to make Appellee eligible for bail, Appellee stipulated at his preliminary hearing to the accuracy of the averments set forth in the criminal complaint and the affidavit of probable cause.[1] The magistrate decided the criminal complaint and affidavit of probable cause established a *prima facie* case against Appellee and bound over the charges for trial. Consistent with the parties' agreement, the Commonwealth amended the criminal information on April 19, 2018, reducing the charges against Appellee to the lesser offenses of third-degree murder and involuntary manslaughter. On April 23, 2018, Appellee filed a motion to set bail, which the court set at $150,000.00 on April 26, 2018.

On May 24, 2018, Appellee filed an omnibus pre-trial motion for, *inter alia*, a writ of *habeas corpus*. In the motion, Appellee maintained he had stipulated to the accuracy of the criminal complaint and affidavit of probable cause only for the preliminary hearing, but he had preserved his right to

---

[1] The record confirms the parties' agreement in this respect.

challenge the Commonwealth's evidence by writ of *habeas corpus*. Appellee claimed the Commonwealth failed to establish a *prima facie* case. The trial court scheduled a hearing on Appellee's motion for July 20, 2018.[2]

The parties appeared for a *habeas corpus* hearing on July 20, 2018. The Deputy Attorney General represented the Commonwealth, marked for admission the criminal complaint and affidavit of probable cause, and explained to the court that Appellee had stipulated at the preliminary hearing to the accuracy of the facts set forth in the criminal complaint and affidavit of probable cause. The Commonwealth contended the trial court's scope of review during the *habeas corpus* proceeding was limited to the stipulated record of the preliminary hearing (the criminal complaint and affidavit of probable cause) in deciding if the evidence before the magistrate constituted a *prima facie* case.

Defense counsel countered that the customary practice in Berks County to avoid conducting a full preliminary hearing is either to: (1) waive the preliminary hearing (which also generally waives the defendant's right to a *habeas corpus* hearing); or (2) proceed to a stipulated preliminary hearing based on the criminal complaint and affidavit of probable cause for purposes of the preliminary hearing only, while retaining the right to challenge the

---

[2] Appellee's omnibus pre-trial motion also sought discovery and suppression of evidence. Appellee subsequently abandoned the request for discovery, when the Commonwealth asserted it would produce any new discovery that arose. Appellee withdrew the suppression motion.

Commonwealth's evidence at a later *habeas corpus* hearing. Defense counsel insisted Appellee had chosen option (2), argued that the record established at the preliminary hearing was nonbinding, and the Commonwealth must produce live, non-hearsay testimony on *habeas corpus* review. Defense counsel also claimed the Commonwealth's evidence was insufficient because counsel was sure the Commonwealth's witnesses would testify inconsistently with their statements set forth in the criminal complaint and affidavit of probable cause.

The court agreed with defense counsel regarding the "custom" in Berks County for a defendant to proceed to a stipulated preliminary hearing, based on the criminal complaint and affidavit of probable cause, while retaining the right to challenge the Commonwealth's evidence anew at a *habeas corpus* proceeding. Under the "custom" in Berks County, the court informed the Commonwealth it was required to produce live, non-hearsay testimony at the *habeas corpus* proceeding to establish a *prima facie* case. The court conceded the *habeas corpus* proceeding is really a "second bite at the apple" but stated this *habeas corpus* process favors both sides because the defense gets a second chance to test the Commonwealth's evidence and the Commonwealth gets the opportunity to present evidence in addition to what it had produced at the preliminary hearing. The court further indicated that the Commonwealth could not, for *habeas corpus* review, rely solely on the transcript from the preliminary hearing, even if the Commonwealth had

produced live testimony at the preliminary hearing. Rather, the court explained the "custom" in Berks County is to have the Commonwealth reestablish a *prima facie* case on *habeas corpus* review. The court acknowledged that defense counsel was very familiar with Berks County practice and concluded it would be unfair to Appellee to interpret his stipulation at the preliminary hearing as a limitation on the court's scope of review by binding Appellee to the accuracy of the criminal complaint and affidavit of probable cause at a later *habeas corpus* hearing. The court offered the Commonwealth a continuance to secure witnesses. Instead, the Commonwealth asked to brief the issue, and the court granted the request.

The Commonwealth filed a memorandum of law on July 27, 2018, and Appellee filed a memorandum of law on August 15, 2018. The court issued an order on August 24, 2018, stating Appellee's stipulation at the preliminary hearing did not constitute a waiver of the preliminary hearing, which would generally waive Appellee's right to challenge the Commonwealth's evidence in a later *habeas corpus* proceeding. Likewise, the court said Appellee was not bound by the stipulation for any other purpose or proceeding. Thus, the court refused to deny Appellee's motion for writ of *habeas corpus* and scheduled another *habeas corpus* hearing.

The parties appeared for the second *habeas corpus* hearing on September 21, 2018. The Commonwealth introduced Appellee's omnibus pre-trial motion as Exhibit 1 and the criminal complaint and affidavit of probable

cause as Exhibit 2. The Commonwealth indicated it would not present additional testimony. Defense counsel raised a hearsay objection to the criminal complaint and affidavit of probable cause, and the court sustained the objection. Appellee subsequently moved to dismiss all charges, and the court granted Appellee's request.

The Commonwealth timely filed a notice of appeal on October 19, 2018.[3] On October 24, 2018, the court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Following an extension of time, the Commonwealth timely complied on December 5, 2018. In its responsive Rule 1925(a) opinion, the trial court conceded the Commonwealth is **not** required to re-establish a *prima facie* case at a *habeas corpus* proceeding, and agreed that the court's scope of *habeas corpus* review is limited to the factual basis for the magistrate's decision. Nevertheless, the trial court insisted *habeas corpus* relief was still proper in this case because the Commonwealth could not rely on hearsay evidence **alone** to establish a *prima facie* case at the preliminary hearing or at the *habeas corpus* hearing. (**See** Trial Court Opinion, filed January 25, 2019, at 4-5).

The Commonwealth raises two issues for our review:

DID THE TRIAL COURT ERR BY REFUSING TO ADJUDICATE

---

[3] **See Commonwealth v. Huggins**, 575 Pa. 395, 399 n.2, 836 A.2d 862, 865 n.2 (2003) (stating: "When a charge is dismissed on a pre-trial writ of *habeas corpus*, the Commonwealth may appeal").

[APPELLEE'S] MOTION FOR WRIT OF *HABEAS CORPUS* RELIEF BASED ON THE RECORD ESTABLISHED AT HIS PRELIMINARY HEARING AND BY REQUIRING THE COMMONWEALTH TO REESTABLISH A *PRIMA FACIE* CASE VIA WITNESS TESTIMONY AT [APPELLEE'S] *HABEAS CORPUS* HEARING?

SHOULD THIS COURT AFFIRM THE TRIAL COURT'S GRANT OF [APPELLEE'S] MOTION FOR WRIT OF *HABEAS CORPUS*, DESPITE THE COURT'S ADMISSION ON APPEAL THAT IT ERRED IN REQUIRING THE COMMONWEALTH TO REESTABLISH A *PRIMA FACIE* CASE AT [APPELLEE'S] *HABEAS CORPUS* HEARING, BASED ON THE COURT'S ALTERNATIVE RATIONALE THAT A *PRIMA FACIE* CASE CANNOT BE ESTABLISHED ON HEARSAY ALONE, WHEN [APPELLEE] STIPULATED THAT THE CRIMINAL COMPLAINT AND AFFIDAVIT OF PROBABLE CAUSE IN SUPPORT OF SAID COMPLAINT WOULD PROVIDE THE EVIDENTIARY BASIS AT HIS PRELIMINARY HEARING?

(Commonwealth's Brief at 4).

"In reviewing a trial court's order granting a defendant's petition for writ of *habeas corpus*, we must generally consider whether the record supports the trial court's findings, and whether the inferences and legal conclusions drawn from those findings are free from error." **Commonwealth v. Hilliard**, 172 A.3d 5, 10 (Pa.Super. 2017) (internal citations and quotation marks omitted). Further, "the evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law," and the appellate court's review is plenary. **Commonwealth v. Karetny**, 583 Pa. 514, 528, 880 A.2d 505, 513 (2005).

We combine the Commonwealth's issues. The Commonwealth asserts Appellee stipulated to the accuracy of the criminal complaint and affidavit of

probable cause at the preliminary hearing. The Commonwealth argues the trial court's scope of *habeas corpus* review was limited to the record established at the preliminary hearing via the parties' stipulation. Because Appellee stipulated to the content of the criminal complaint and affidavit of probable cause at the preliminary hearing (and essentially waived any evidentiary challenges to those documents), the Commonwealth insists the stipulation controls and any hearsay concerns are irrelevant. The Commonwealth emphasizes Appellee made no hearsay or other objection to the content of the criminal complaint or affidavit of probable cause at the preliminary hearing, so he waived those objections for purposes of the *habeas corpus* proceeding or on appeal. The Commonwealth highlights the trial court's concession in its Rule 1925(a) opinion that it should have considered only the record from the preliminary hearing to decide Appellee's *habeas corpus* motion. The Commonwealth submits Appellee was afforded the full panoply of rights available at his preliminary hearing, including the option of having the Commonwealth produce live testimony through witnesses the Commonwealth had available to testify at that time. The Commonwealth stresses Appellee chose to proceed with a stipulated preliminary hearing, and he could not "undo" his stipulation for purposes of *habeas corpus* review or complain about the process the Commonwealth used to establish a *prima facie* case, because Appellee agreed to it.

Further, the Commonwealth submits the local county customs and

practices do not conform to or supersede Pennsylvania law. Specifically, the Commonwealth contends it was not required to produce live testimony or re-establish its *prima facie* case anew at the *habeas corpus* hearing. The Commonwealth concludes the trial court improperly granted *habeas corpus* relief, and this Court must reverse and remand for further proceedings.

In response, Appellee argues he expressly informed the Commonwealth at the preliminary hearing that he was not waiving his right to a preliminary hearing because doing so generally constitutes a waiver of the right to litigate a later motion for a writ of *habeas corpus*. Appellee maintains he used the general stipulation that is the "usual and customary practice" in Berks County.[4] Appellee contends the affidavit of probable cause contains Agent Collins' summary of several interviews to support probable cause. Appellee emphasizes the Commonwealth did not call Agent Collins or any of the individuals he interviewed to testify at the preliminary hearing or at the *habeas corpus* hearing, or seek to introduce the autopsy report discussed in the

---

[4] Appellee states he stipulated as follows:

> [Appellee] will not be signing a Waiver of the Preliminary Hearing today and that for the sole and limited purposes of this Preliminary Hearing **only**, if the Commonwealth called the witnesses set forth in the Affidavit of Probable Cause at the Preliminary Hearing they would testify consistently with the contents of the Affidavit of Probable Cause. [Appellee] specifically preserves all of his rights to challenge the Commonwealth's evidence at a later date.

(Appellee's Brief at 23).

affidavit of probable cause. Appellee submits the affidavit of probable cause contains multiple layers of hearsay, none of which would be admissible at trial. Appellee insists his stipulation was limited solely to the preliminary hearing.

Appellee also complains the Commonwealth cannot establish the exact terms of the parties' stipulation. Absent proof in the record, Appellee claims this Court should presume no waivers or stipulations exist. Appellee avers he would have simply waived the preliminary hearing if he did not want to preserve his right to challenge the Commonwealth's evidence at a *habeas corpus* proceeding; and the primary purpose of going forward with a stipulated preliminary hearing was to preserve Appellee's rights. Appellee suggests the Commonwealth's attorneys were simply unfamiliar with local customs and practices concerning stipulated preliminary hearings in Berks County. Appellee concludes *habeas corpus* relief was proper, and this Court must affirm. For the following reasons, we conclude the Commonwealth is entitled to relief.

"The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime." **Commonwealth v. Jackson**, 849 A.2d 1254, 1257 (Pa.Super. 2004) (internal citation omitted). **See also** Pa.R.Crim.P. 542(D) (stating issuing authority shall determine from evidence presented at preliminary hearing whether there is *prima facie* case that (1) offense has been committed; and

(2) defendant has committed it).

> The Commonwealth establishes a *prima facie* case when it produces evidence that, if accepted as true, would warrant the trial judge to allow the case to go to a jury.  [T]he Commonwealth need not prove the elements of the crime beyond a reasonable doubt; rather, the *prima facie* standard requires evidence of the existence of each and every element of the crime charged.  Moreover, the weight and credibility of the evidence are not factors at this stage, and the Commonwealth need only demonstrate sufficient probable cause to believe the person charged has committed the offense.  Inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case.

**Commonwealth v. Marti**, 779 A.2d 1177, 1180 (Pa.Super. 2001) (internal citations and quotation marks omitted).

Following a preliminary hearing,

> A pre-trial *habeas corpus* motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case.  To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein.  To meet its burden, the Commonwealth may utilize the evidence presented at the preliminary hearing and also may submit additional proof.

**Commonwealth v. Dantzler**, 135 A.3d 1109, 1112 (Pa.Super. 2016) (*en banc*) (internal citations and quotation marks omitted).  **See also Commonwealth v. Predmore**, 199 A.3d 925 (Pa.Super. 2018) (*en banc*), *appeal denied*, ___ Pa. ___, 208 A.3d 459 (2019) (reiterating that pretrial motion for writ of *habeas corpus* is appropriate method for defendant to test whether Commonwealth has established *prima facie* case; Commonwealth is

- 12 -

entitled to rely on evidence presented at preliminary hearing when responding to pretrial motion for writ of *habeas corpus*).

The scope of the trial court's review in a pretrial motion for writ of *habeas corpus* includes the evidence presented at the preliminary hearing and any additional evidence the Commonwealth chooses to produce to establish a crime has been committed and the defendant is the person who committed it. ***Commonwealth v. Mormon***, 541 A.2d 356, 359 (Pa.Super. 1988). In other words, the trial court accepts into evidence the record from the preliminary hearing plus any additional evidence the Commonwealth might want to present to support a *prima facie* case. ***Id.*** at 360.

A defendant has the right to waive his preliminary hearing. ***See*** Pa.R.Crim.P. 541 (discussing waiver of preliminary hearing). A defendant who waives his right to a preliminary hearing also waives his right to test the sufficiency of the Commonwealth's evidence in a later pretrial motion for writ of *habeas corpus*, unless there is a transcribed oral or written agreement expressly preserving his right. ***See*** Pa.R.Crim.P. 541(A)(1), (C), *Comment*.

A defendant can also proceed to a stipulated preliminary hearing, because "parties may bind themselves by stipulations so long as they do not affect the jurisdiction of the court, and provided that the stipulations are not in contravention of peremptory statutory requirements." ***Commonwealth v. Mathis***, 463 A.2d 1167, 1171 (Pa.Super. 1983). Stipulations have been accepted in the context of criminal proceedings. ***Id. See also***

***Commonwealth v. Mitchell***, 588 Pa. 19, 69, 902 A.2d 430, 460 (2006), *cert. denied*, 549 U.S. 1169, 127 S.Ct. 1126, 166 L.Ed.2d 897 (2007) (stating: "A stipulation is a declaration that the fact agreed upon is proven[, and a] valid stipulation must be enforced according to its terms").

> **Stipulations to the admissibility of evidence are common. They do not affect jurisdiction, nor interfere with judicial business or convenience; instead, they aid the court by saving it time which would otherwise be spent on determining admissibility.**
>
> … **The court will hold a party bound to his stipulation: concessions made in stipulations are judicial admissions, and accordingly may not later in the proceeding be contradicted by the party who made them.**

***Tyler v. King***, 496 A.2d 16, 21-22 (Pa.Super. 1985) (internal citations omitted) (emphasis added).

Further, "[l]ocal rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly." Pa.R.J.A. 103(d)(2). ***See also Commonwealth v. Reyes***, 531 Pa. 72, 77, 611 A.2d 190, 193 (1992) (holding defense counsel's compliance with "routine local custom" regarding service of suppression motion was insufficient, where local custom was inconsistent with statewide rule of procedure; trial court erred by approving defense counsel's use of local "custom" over statewide rule of procedure).

Instantly, the trial court remarked in its Rule 1925(a) opinion as follows:

> Despite the [c]ourt's statements at the July 20, 2018 hearing, the [c]ourt agrees with the Commonwealth that the trial court's obligation at a *habeas corpus* hearing is to review the factual basis upon which the magistrate made

> her decision. Therefore, the Commonwealth is correct in stating that it was not obligated to re-establish a *prima facie* case through a new record and evidentiary basis at the *habeas corpus* hearing. … Nevertheless, the [c]ourt did not err by dismissing the charges against Appellee because the Commonwealth failed to present sufficient evidence to prove a *prima facie* case. The [c]ourt's ruling was correct for two reasons. First, a defendant's right to due process forbids the Commonwealth from using inadmissible hearsay evidence alone to prove a *prima facie* case. Second, the hearsay evidence was so unreliable such that the Commonwealth failed to prove a *prima facie* case.

(Trial Court Opinion at 4-5).

Notwithstanding the court's concession on the relevant scope of review, the court failed to honor Appellee's stipulation to the facts in the criminal complaint and the affidavit of probable cause. Appellee's stipulation effectively removed any hearsay objections or concerns.

We further confirm the Commonwealth was not required to re-establish a *prima facie* case at the later *habeas corpus* hearing. Rather, the Commonwealth could rely on the evidence set forth at the stipulated preliminary hearing, with the option to produce additional testimony/evidence to satisfy its burden. **See Predmore, supra**; **Dantzler, supra**. Consequently, the trial court exceeded the scope of its review at the *habeas corpus* proceeding when the court required the Commonwealth to establish its *prima facie* case anew and with more evidence than that presented at the preliminary hearing. **See Mormon, supra**. Neither defense counsel nor the trial court could rely on the local "custom" to override statewide law, which limited the court's scope of *habeas corpus* review to the evidence as stipulated

- 15 -

at the preliminary hearing and any additional evidence the Commonwealth chose to present its *prima facie* case. **See Reyes, supra**; **Mormon, supra**. To the extent that Berks County endorses a "custom" or practice that, as a practical matter, heightens the Commonwealth's burden at a *habeas corpus* proceeding, we expressly disavow that custom as contrary to state law. **See** Pa.R.J.A. 103(d)(2); **Reyes, supra**.

Moreover, we cannot accept the court's alternative hearsay concerns as a basis to grant *habeas corpus* relief. Importantly, Appellee **stipulated** at the preliminary hearing to the accuracy of the averments set forth in the criminal complaint and affidavit of probable cause. On *habeas corpus* review, the trial court was required to review the preliminary hearing record, based on Appellee's stipulation, which conceded the admissibility of the alleged hearsay evidence. That concession bound Appellee for the preliminary hearing **and** the *habeas corpus* review of that proceeding. **See Tyler, supra**. Thus, hearsay concerns were not relevant at this juncture, in light of Appellee's stipulation. **See id.**

The affidavit of probable cause specifically detailed Agent Collins' investigation and set forth facts demonstrating, *inter alia*, that: Appellee knew Decedent needed to take certain prescription medication to reduce swelling, Appellee withheld the medication because it caused Decedent to urinate more frequently, and the withholding of medication initiated a continuous, unbroken sequence of events and complications leading to Decedent's death. These

stipulated facts, in the light most favorable to the Commonwealth, without consideration of the weight or credibility of the evidence, were sufficient to establish a *prima facie* case for the crimes charged. **See Dantzler, supra**; **Marti, supra**. **See also Commonwealth v. Pigg**, 571 A.2d 438 (Pa.Super. 1990), *appeal denied*, 525 Pa. 644, 581 A.2d 571 (1990) (explaining defendant may be convicted of third-degree murder when killing contains malice aforethought; malice consists of wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and mind regardless of social duty; malice may be found where defendant consciously disregards unjustified and extremely high risk that his actions might cause serious bodily injury); 18 Pa.C.S.A. § 2504 (stating person is guilty of involuntary manslaughter when as direct result from doing unlawful act in reckless or grossly negligent manner, or doing lawful act in reckless or grossly negligent manner, he causes death of another person).

To summarize, the Rules of Criminal Procedure allow for a preliminary hearing or the waiver of a preliminary hearing and provide for the consequences of each alternative. **See** Pa.R.Crim.P. 541; 542. Nothing in the rules precluded a preliminary hearing by stipulation to the facts in the affidavit of probable cause and criminal complaint. Nevertheless, the stipulated preliminary hearing was still a preliminary hearing, and the court was bound to accept the record from that preliminary hearing when assessing whether the Commonwealth presented a *prima facie* case. **See Mormon,**

*supra*. The *habeas corpus* hearing following the stipulated preliminary hearing in this case was a not a hearing *de novo*; it was more in the nature of an appeal where the trial court was required to review the magistrate's decision based on the evidence presented at the preliminary hearing (plus any additional evidence the Commonwealth chose to present) in the light most favorable to the Commonwealth. **See Dantzler, supra**; **Marti, supra**. The trial court erred as a matter of law when it elevated the local custom over state law, thereby subjecting the Commonwealth to a complete "do over," and then dismissed the charges against Appellee. Accordingly, we reverse the order granting Appellee *habeas corpus* relief and remand for trial.

Order reversed; case remanded. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2019