J-S49031-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                               :       PENNSYLVANIA
              v.               :
                               :
     TYLER MCINTOSH            :
                               :
          Appellant           :   No. 88 WDA 2020

Appeal from the Judgment of Sentence Entered December 17, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
            No(s):  CP-02-CR-0000621-2017,
      CP-02-CR-0002723-2019, CP-02-CR-0006376-2016

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          FILED NOVEMBER 20, 2020

Appellant Tyler McIntosh appeals the judgments of sentence entered by the Court of Common Pleas of Allegheny County on December 17, 2019 on multiple dockets after the lower court revoked Appellant's probation in several different cases. After careful review, we affirm on a different basis than that of the trial court.[1]

On February 20, 2017, Appellant entered a guilty plea at docket number 6376-2016 to Simple Assault (18 Pa.C.S.A. § 2701(a)(3)) and Resisting Arrest (18 Pa.C.S.A. § 5104) wherein Appellant was sentenced to 11½ to 23 months'

_____

[*] Former Justice specially assigned to the Superior Court.

[1] "To the extent our legal reasoning differs from the trial court's, we note that as an appellate court, we may affirm on any legal basis supported by the certified record." Commonwealth v. Sauers, 159 A.3d 1, 7 n. 4 (Pa.Super. 2017) (quoting Commonwealth v. Williams, 125 A.3d 425, 433 n.8 (Pa. Super. 2015)).

incarceration followed by four years' probation. On the same day, Appellant pled guilty at docket number 6377-2016 to Criminal Trespass (18 Pa.C.S.A. § 3503), Receiving Stolen Property (18 Pa.C.S.A. § 3925), and Theft by Unlawful Taking (18 Pa.C.S.A. § 3921) wherein Appellant was sentenced to an aggregate term of four years' probation that was to run concurrently with the probation imposed at docket 6376-2016.

On December 5, 2018, Appellant pled guilty at docket number 0621-2017, with three counts of Aggravated Assault (18 Pa.C.S.A. § 2702(a)(3)), Resisting Arrest, Escape (18 Pa.C.S.A. § 5121(a)), and related charges. Appellant was sentenced to four years' probation for one of the Aggravated Assault charges, two years' probation for the Resisting Arrest charge, and two years' probation for the Escape charge.

On November 7, 2019, Appellant pled guilty to Resisting Arrest at docket 2723-2019. On December 17, 2019, the lower court sentenced Appellant to six to twelve months' incarceration for the charges at 2723-2019.

In addition, the lower court found that Appellant's conviction at 2723-2019 warranted the revocation of Appellant's probation at the aforementioned dockets and resentenced Appellant in those cases in separate orders. As a result, with respect to the docket at 0621-2017, the lower court sentenced Appellant to three to six years' incarceration to be followed by two years' probation. On the 2016 cases, the lower court also sentenced Appellant to two years' probation to run concurrently with the probationary terms imposed at the 2017 violation. The trial court informed Appellant on the record that

he had ten days to seek modification of his sentences and thirty days to file a direct appeal.

On January 2, 2020, sixteen days after sentencing, Appellant filed a motion to modify his sentence nunc pro tunc. On January 9, 2020, the lower court held a hearing and denied this motion on its merits.

On January 17, 2020, Appellant filed one notice of appeal, listing the docket numbers at 0621-2017, 2723-2019, and 6376-2016. This notice of appeal was docketed in this Court at 88 WDA 2020.[2]

On February 18, 2020, this Court filed an Order to Show Cause, directing Appellant to demonstrate why this appeal should not be quashed in light of the Supreme Court's decision in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018). After the Rule to Show Cause Order was returned to this Court with an envelope marked return to sender, the Prothonotary's office contacted counsel and emailed the order to counsel on March 2, 2020. On March 3, 2020, Appellant filed a response to the Rule to Show Cause, admitting that the notice of appeal did not comply with Walker but nevertheless asking this Court to hear the appeal.

_____

[2] On January 22, 2020, Appellant filed another notice of appeal from his December 17, 2019 judgment of sentence, only listing docket CP-02-CR-0002723-2019. The second notice of appeal was docketed at 121 WDA 2020. On March 5, 2020, this Court entered a per curiam order quashing the appeal docketed at 121 WDA 2020 as untimely filed. See Pa.R.A.P. 903(a); Commonwealth v. Patterson, 940 A.2d 493, 498 (Pa.Super. 2007); Commonwealth v. Valentine, 928 A.2d 346, 349 (Pa.Super. 2007).

As a preliminary matter, we must determine whether this appeal must be quashed due to Appellant's failure to comply with Walker. The Official Note to Pennsylvania Rule of Appellate Procedure 341 provides as follows:

> Where … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. Commonwealth v. C.M.K., 932 A.2d 111, 113 & n.3 (Pa.Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

Recently, in Walker, our Supreme Court construed the above language in Rule 341 to constitute "a bright-line mandatory instruction to practitioners to file separate notices of appeal." Walker, 185 A.3d at 976-77. Therefore, the Walker Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." Id. at 977. The Walker Court made its holding prospective to any notice of appeal filed after June 1, 2018. Id. at 971.

As noted above, Appellant's notice of appeal, filed on January 17, 2020, referenced three docket numbers at which separate sentencing orders were entered. As such, the Walker mandate applies.

However, in a recent decision, Commonwealth v. Larkin, 235 A.3d 350 (Pa.Super. 2020) (en banc), this Court established that we may overlook the requirements set forth in Walker in cases where a breakdown in the court system occurs. See also Commonwealth v. Stansbury, 219 A.3d 157

- 4 -

(Pa.Super. 2019). The panels in both Larkin and Stansbury held that a breakdown in the court system includes instances in which "a defendant is misinformed or misled regarding his appellate rights." Larkin, 235 A.3d 354. In Larkin, this Court found that a breakdown in court processes occurred and quashal was not necessary when the PCRA court's order informed Larkin that his appellate rights provided that "Petitioner has thirty (30) days from the date of this order to file an appeal." Id. (emphasis in original).

In this case, at Appellant's sentencing hearing on multiple dockets, the trial court conducted an oral colloquy to ensure that Appellant understood his appellate rights. The trial court asked Appellant, "[d]o you understand that you have 30 days to file a direct appea[l] to the Superior Court of Pennsylvania? Notes of Testimony (N.T.), at 28-29 (emphasis added). Appellant responded in the affirmative and the trial court gave no further information on filing a direct appeal.

As we are bound by the decision in Larkin, we conclude a breakdown in the court system occurred that allows us to overlook Appellant's failure to comply with the requirements of Walker.

On appeal, Appellant raises the following issue:

Did the trial court abuse its discretion by imposing a sentence that was manifestly, unjust under Pennsylvania law, when it sentenced [Appellant] to three (3) to six (6) years of incarceration without considering the effect of his Autism, and other afflictions, on his behavior/reaction to certain situations and his substantial need for treatment in light of the Pennsylvania Sentencing Code and the fundamental norms of sentencing?

Appellant's Brief, at 4.

The following principles apply to our consideration of Appellant's challenge to the discretionary aspects of his sentence:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

Commonwealth v. Manivannan, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and emphasis omitted).

In this case, while Appellant filed a timely notice of appeal within thirty days of his sentencing on December 17, 2019, Appellant failed to file a timely post-sentence motion and instead filed a motion to modify his sentence nunc pro tunc on January 2, 2020. Our rules of criminal procedure require that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(a)(1). Appellant's motion was filed sixteen days after sentencing.

- 6 -

Despite the untimeliness of the motion, on January 9, 2020, the lower court held a hearing and denied Appellant's motion on its merits. However, the record does not reflect that the trial court made any decision on Appellant's request to file his motion nunc pro tunc.

With respect to the procedure for requesting to file a post-sentence motion nunc pro tunc, this Court has provided the following:

> [u]nder 42 Pa.C.S.A. § 5505, if no appeal ha[s] been taken, within 30 days after the imposition of sentence, the trial court has the discretion to grant a request to file a post-sentence motion nunc pro tunc. Consistent with this principle, we recently observed that the decision to allow the filing of a post-trial motion nunc pro tunc is vested in the discretion of the trial court and we will not reverse unless the trial court abused its discretion. See Lenhart v. Cigna Companies, 824 A.2d 1193, 1195 (Pa.Super. 2003).
>
> To be entitled to file a post-sentence motion nunc pro tunc, a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, i.e., reasons that excuse the late filing. Merely designating a motion as "post-sentence motion nunc pro tunc" is not enough. When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion nunc pro tunc. If the trial court chooses to permit a defendant to file a post-sentence motion nunc pro tunc, the court must do so expressly. In employing the above line of reasoning, we find instructive cases dealing with the restoration of direct appeal rights nunc pro tunc. In Commonwealth v. Stock, 545 Pa. 13, 679 A.2d 760, 764 (1996) for instance, our Supreme Court opined that in order for an appeal nunc pro tunc to be granted, the appellant would have to show an extraordinary circumstance wherein a direct appeal by right was lost. Accord, Commonwealth v. Peterkin, 554 Pa. 547, 722 A.2d 638, 643 n. 7 (1998). Similarly, in order for a petition to file a post-sentence motion nunc pro tunc to be granted, a defendant must, within 30 days after the imposition of sentence, demonstrate an extraordinary circumstance which excuses the tardiness.

> If the trial court does not expressly grant nunc pro tunc relief, the time for filing an appeal is neither tolled nor extended. The request for nunc pro tunc relief is separate and distinct from the merits of the underlying post-sentence motion. The trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting nunc pro tunc relief.

Commonwealth v. Dreves, 839 A.2d 1122, 1128–29 (Pa.Super. 2003) (en banc). Moreover, "[a]n untimely post-sentence motion does not preserve issues for appeal." Commonwealth v. Wrecks, 931 A.2d 717, 719 (Pa. Super. 2007) (citation omitted).

While Appellant labeled this filing his "motion to modify sentence nunc pro tunc," Appellant did not discuss the fact that his motion was untimely or offer any reason to attempt to excuse his tardiness. Moreover, the record does not reflect that the trial court made any decision on Appellant's request to file the motion nunc pro tunc, but rather, the trial court held a hearing on the motion and entered an order denying the motion itself. The trial court did not even acknowledge that Appellant's motion was untimely and reviewed the merits of his claims as if Appellant had filed a timely motion.

As Appellant did not make any attempt to present sufficient cause to excuse the late filing of his post-sentence motion and the trial court did not expressly grant Appellant nunc pro tunc relief, Appellant did not properly preserve his challenge to the discretionary aspects of his sentence in a timely-post-sentence motion. As such, we find Appellant waived this issue on appeal and affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/20/2020</u>